**PYRAMID LIFE INSURANCE COM-
PANY, Appellant,**

v.

**Mildred S. CURRY et al., Appellees.**

**No. 16695.**

United States Court of Appeals
Eighth Circuit.

June 19, 1961.

Rehearing Denied July 19, 1961.

Terence M. O'Brien, Kansas City, Mo.,
made oral argument for appellant; Ed-
ward F. Aylward, Kansas City, Mo., on
the brief.

Keith Martin, Kansas City, Mo., made
argument for appellee; James E. Camp-
bell and Donald B. Clark, Kansas City,
Mo., on the brief.

Before GARDNER, VOGEL and VAN
OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by defendant from a
judgment against it upon a life insurance
policy it issued to Thomas C. Curry on
April 1, 1956. The action is brought by
Mildred S. Curry, surviving spouse and
the beneficiary named in the policy. The
insured died on April 15, 1957. The is-
suance of the policy, the insured's death
and payment of premiums are conceded.
The defense is that the policy was pro-
cured by fraud in that the insured had
falsely represented in his application that
he was in good health, that he never had
or had been told that he had high blood
pressure and that he had consulted no

physician within the past five years, except in connection with a tonsillectomy.

Plaintiff denied the allegations supporting the fraud defense and claimed defendant had by its conduct waived the defense of fraud. The insured had stated in his application that he had been refused insurance by State Farm Life Insurance Company in 1955 for reasons unknown. Before the issuance of the policy involved in this suit, defendant had obtained a MIB report stating that a policy had been refused the insured by State Farm Life Insurance Company because of high blood pressure and slight enlargement of the heart.

We have previously considered this case upon a former appeal. Curry v. Pyramid Life Insurance Co., 8 Cir., 271 F. 2d 1. The issues and the material facts are set out in that opinion. The case had been tried to the court without a jury, the court finding for the defendant. We reversed and remanded upon the basis that the plaintiff was entitled to a jury trial.

Upon remand, this case was tried to a jury. The jury found for the plaintiff. Defendant moved for a directed verdict at the close of all the evidence. The trial court withheld ruling and submitted the case to the jury. After the verdict for plaintiff, defendant moved for judgment n. o. v. in accordance with its motion for directed verdict. The substance of the motion is that the evidence conclusively established all of the elements of actionable fraud, and that there is no substantial evidence of defendant's knowledge of the insured's physical impairment or that defendant waived its right to rely upon the insured's representations. The motion was overruled, the court stating:

"Defendant has filed motion for judgment notwithstanding the verdict and for new trial. I am of the opinion that the various fraud issues involved in this case properly were matters of fact for submission to a jury. Although, as is apparent from an earlier trial of this case, I am not in agreement personally with the decision of the jury, that furnishes no basis for setting it aside."

This appeal is taken from final judgment for plaintiff, based upon the jury's verdict.

It is the defendant's primary contention upon this appeal that the court erred in overruling its motion for directed verdict and for judgment n. o. v., the defendant contending that the uncontradicted evidence established that the policy was procured by fraud and that there was no proof of waiver or knowledge of the fraud by the defendant.

While upon the former appeal, the principal issue discussed in the opinion was the plaintiff's right to a jury trial, we are satisfied that the issue of whether the plaintiff had made out a submissible case was presented. Defendant in its brief filed on the former appeal urged that the only possible factual issue was whether hypertension contributed to the insured's death, and that the evidence upon such issue was undisputed and favorable to the defendant.

■ The policy specifically provides: "All statements made in applying for this policy shall, in the absence of fraud, be deemed representations and not warranties." To avoid liability on this type of policy, the insurer must prove all elements of fraud. Toler v. Missouri Ins. Co., Mo.App., 243 S.W.2d 788, 791; Danaher v. United States, 8 Cir., 184 F. 2d 673, 675.

Section 376.580, V.A.M.S., provides:

"No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury."

■ Where the plaintiff has made a prima facie case and the defense is fraudulent representation, the case is usually one for the jury. State ex rel. Dyer v. Blair, 352 Mo. 584, 178 S.W.2d 1020,

1023; Dyer v. Kansas City Life Ins. Co., Mo.App., 188 S.W.2d 758.

The death certificate signed by Dr. Lilley, D. O., stated the cause of death to be "coronary occlusion due to hypertension." Mr. Curry was dead upon Dr. Lilley's arrival. Dr. Lilley had not seen Mr. Curry since March 10 when he had treated him for an ear irritation. He did not see his patient alive after the supposed heart attack and performed no autopsy. He conceded that he had no direct physical evidence of the cause of death. There is professional evidence that sudden death can be brought about by many causes and that coronary occlusion can be caused by factors other than hypertension, and that in a situation such as here presented, the cause of death cannot be satisfactorily determined without an autopsy.

In 5B C.J.S. Appeal and Error § 1832, pp. 208 and 209, it is stated:

"Questions necessarily involved in the decision on a former appeal will be regarded as the law of the case on a subsequent appeal, although the questions are not expressly treated in the opinion of the court, as the presumption is that all the facts in the case bearing on the points decided have received due consideration whether all or none of them are mentioned in the opinion. The records on a former appeal may be looked into for the purpose of ascertaining what facts and questions were then before the court, so as to see to the correct application of the rule; and where the first judgment is a general reversal and remanding, on the second appeal the court may look at the opinion rendered previously to ascertain the real ground of decision."

■ The determination of the issue of whether the plaintiff had made a case on defendant's liability under its policy was necessarily involved in our prior appeal. Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a harmless error shall be disregarded and that "the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Defendant, in its brief upon the former appeal, stated:

"Since there was no factual issue made by the evidence on whether hypertension or high blood pressure contributed to cause Mr. Curry's death, the failure of the trial court to follow the Missouri procedure for a jury trial on that specific issue in an equitable action, could not in any event be prejudicial error."

It is apparent that the issue of the sufficiency of the evidence to support plaintiff's claim was before us for adjudication upon the prior appeal. Unless plaintiff had made a submissible case on defendant's policy liability, it would have been harmless error to refuse a jury trial. No purpose would be served by remanding for a jury trial if there was no material fact issue for the jury to determine.

In our former opinion we stated, 271 F.2d at page 5, "the ultimate outcome herein depends upon a determination of the dominant issue of whether the policy is invalid because of fraud and deceit in the procurement thereof. When that issue has been resolved all rights of all parties will be fully set at rest."

In rejecting a contention by plaintiff that there was no evidence to support a finding of fraud and that defendant had waived the fraud defense, we said, "Without reviewing the pertinent facts, let it suffice to say that upon careful consideration of the record we are convinced that as to both issues a fact question was presented."

Our determination upon the former appeal that fact issues were presented on the fraud and waiver issues becomes the law of the case.[1]

1. We do not agree with defendant's contention that the instructions in the present case not excepted to become the law of the case. We have repeatedly held

In Chicago, St. P., M. & O. Ry. Co. v. Kulp, 8 Cir., 102 F.2d 352, 354, 133 A. L.R. 1445, we quoted from Thompson v. Maxwell Land Grant & Railway Co., 168 U.S. 451, 456, 18 S.Ct. 121, 42 L.Ed. 439, as follows:

"It is settled law of this court, as of others, that whatever has been decided on one appeal or writ of error cannot be reexamined on a second appeal or writ of error brought in the same suit. The first decision has become the settled law of the case."

and then stated:

"This court has repeatedly held that the decision on former appeal is the 'law of the case' on a question presented in that former appeal, unless the evidence introduced at the subsequent trial is substantially different from that considered on the first appeal, and must be followed in all subsequent proceedings in such case in both district and appellate courts, unless that decision is clearly erroneous and works manifest injustice. * * * While this rule of practice is not a limit of power, it is nevertheless a salutary one, and should be departed from only after careful consideration on situations arising in specific cases."

In Gunn v. United States, 8 Cir., 283 F.2d 358, 361, we said:

"This court has said that upon 'the remand of a case for a new trial, the only legal propositions which are ordinarily no longer subject to question are those settled and determined by the appellate court's opinion', Strimling v. Stone, 8 Cir., 194 F.2d 920, 921, and that 'the legal propositions which this Court settles and determines on the appeal cannot ordinarily be again questioned', Millers' Mut. Fire Ins. Ass'n of Illinois v. Bell, 8 Cir., 99 F.2d 289, 292."

See 5B C.J.S. Appeal & Error § 1821, p. 181.

In 5B C.J.S. Appeal & Error § 1964, p. 572, it is said:

"Where the appellate court has decided that the facts proved raise a question for the jury, it is error for the lower court on a second trial in which the same, or practically the same, facts are developed, to direct a verdict, or enter a judgment notwithstanding the verdict, or set aside a verdict on the same ground on which it directed a verdict at the first trial."

■■ The law of the case rule does not apply if the evidence on the later trial is substantially different from that on the former trial. Defendant in its brief urges only that in the present trial it has offered additional evidence to show Mr. Curry knew that he had high blood pressure at the time he signed the application. Such additional testimony is cumulative and relates only to one of the elements of fraud and has no conclusive bearing upon the issue of whether high blood pressure contributed to insured's death or upon the waiver issue. Our examination of the record in the two trials satisfies us that the evidence as to the vital issues in the present trial does not differ substantially from that offered in the former trial.

No contention is made that any change has occurred in the applicable Missouri law since the former trial.

■ Our determination upon the former appeal that fact issues are presented on the fraud and waiver issues bars our re-examination upon the present appeal of the question of the sufficiency of the evidence to support the verdict for the plaintiff.

In view of our determination that the law of the case rule applies, we will forego a detailed discussion of the evidence

---

that in reviewing an order denying a motion for directed verdict "it is the applicable law which is controlling, and not what the trial court announces the law to

be in his instructions." Coca Cola Bottling Co. v. Hubbard, 8 Cir., 203 F.2d 859, 862; Hanson v. Ford Motor Co., 8 Cir., 278 F.2d 586, 593.

and the points made upon this appeal. Our examination of the record discloses no adequate reason why we should not adhere to our prior holding that a fact question is presented on defendant's liability upon its policy.

The judgment appealed from is affirmed.