Philip W. HOUGHTON, Equal
Employment Opportunity
Commission, Appellant,

v.

McDONNELL DOUGLAS
CORPORATION,
Appellee.

No. 83–1019.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1983.

Decided Sept. 7, 1983.

David L. Slate, Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, Vella M. Fink, Asst. Gen. Counsel, Mark S. Flynn, Attorney, E.E.O.C., Washington, D.C., for appellant.

Thomas C. Walsh, Michael G. Biggers, St. Louis, Mo., for appellee; Bryan, Cave, McPheeters, & McRoberts, St. Louis, Mo., of counsel.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals from the district court's order denying its bill of costs. Basing its denial on the doctrine of laches, the district court found that the EEOC's delay in filing its bill of costs was inexcusable and prejudicial to the defendant, McDonnell Douglas Corporation. 553 F.Supp. 16. In a prior mandate, this court awarded costs to the EEOC, thus the district court's denial of the EEOC's bill of costs in its entirety was improper. We reverse and remand for a determination of the amount of costs to be awarded the EEOC.

We now face the fourth appeal in this age discrimination action. In the most recent appeal in 1980, we reversed the district court's second refusal to grant the

individual plaintiff, Phillip Houghton, relief and remanded the case with instructions to award back pay to Houghton and to allow him "to tax attorneys' fees and costs in this extensive litigation in all federal courts—federal district court, this court, and in the Supreme Court" against McDonnell Douglas. *Houghton v. McDonnell Douglas Corp.,* 627 F.2d 858, 867 (8th Cir.1980) (*Houghton II*). In addition, we stated that "[t]he EEOC is also entitled to costs in this litigation." *Id.* The present appeal is concerned solely with the EEOC's right to recover its costs.

Pursuant to our *Houghton II* remand, Houghton and McDonnell Douglas litigated the amount of Houghton's damages, attorneys' fees and costs. The EEOC filed an appearance with the district court on December 12, 1980, after our appellate mandate, but it did not participate in the further proceedings between Houghton and McDonnell Douglas. Final judgment in favor of Houghton was entered by the district court on June 18, 1982, and both parties threatened to appeal. This prompted a settlement with Houghton filing a satisfaction of judgment on July 16, 1982. Following this entry, on July 23, 1982, the EEOC filed a bill of costs seeking to recover $21,001.33 for all phases of this case's litigation. (The clerk erroneously date stamped the bill as received July 30, 1982, but this error was later corrected to show the filing date as July 23, 1982.)

McDonnell Douglas sought denial of the bill of costs, claiming that the EEOC's filing was too late to comply with local court rule 24(C)(1). The rule provides, in relevant part, that: "Within forty days after entry of judgment or decree, or within ten days after the issuance of the mandate of the appellate court, whichever is later, the party recovering costs shall file in the office of the Clerk of this Court a verified bill of costs * * *." McDonnell Douglas further contended the doctrine of laches barred recovery of costs by the EEOC. The district court initially denied the EEOC's bill of costs based upon a failure to meet the forty day filing requirement, but at a hearing three days later the court was notified by

the EEOC of the date stamping error. The district court subsequently issued a second ruling affirming its denial of costs solely on the basis of the doctrine of laches. The EEOC appeals this ruling.

■ McDonnell Douglas initially attacks the jurisdiction of this court to hear the appeal. It argues that the district court's decision that no costs would be taxed in favor of the EEOC was a discretionary determination and therefore was not appealable. We have recognized the rule that "[a] court of appeals lacks jurisdiction to hear an appeal where the sole issue is that the district court abused its discretion as to the amount of costs awarded." *Poe v. John Deere Co.,* 695 F.2d 1103, 1109 (8th Cir. 1982); *see Newton v. Consolidated Gas Co.,* 265 U.S. 78, 82–83, 44 S.Ct. 481, 482–483, 68 L.Ed. 909 (1924). However, this case does not involve a discretionary determination of costs. Rather, the issue presented is whether the district court was justified in refusing to entertain the EEOC's claim for costs in light of our prior mandate. We have the authority to determine on appeal whether the district court has complied with our prior mandate. *See United States v. E.I. Du Pont De Nemours & Co.,* 366 U.S. 316, 325, 81 S.Ct. 1243, 1249, 6 L.Ed.2d 318 (1961); *Baltimore & Ohio Railroad v. United States,* 279 U.S. 781, 785, 49 S.Ct. 492, 493, 73 L.Ed. 954 (1929); *see also Thornton v. Carter,* 109 F.2d 316, 318–19 (8th Cir. 1940). Therefore it is proper for us to review the trial court's order in this case.

■ Secondly, McDonnell Douglas contends that the trial court refused properly to award costs to the EEOC because it was not in compliance with local court rule 24(C)(1). McDonnell Douglas argues that since the EEOC was not actively involved in the last phase of litigation between Houghton and McDonnell Douglas, the appellate mandate in *Houghton II* was a final judgment with regard to the EEOC. McDonnell Douglas reasons that with final judgment entered, a cost bill should have been filed within ten days of the date of the mandate. This argument does not follow from the

plain meaning of the local rule. Our mandate of November 10, 1980, vacated the district court's prior judgment. The EEOC could have filed its bill of costs within ten days of that mandate, but the local rule gave the EEOC the option of waiting until final judgment was entered on remand and filing within forty days of that date. The fact that the EEOC was not an active participant in the litigation on remand does not alter the fact that it was a named party in the action. By basing its denial of costs in the second ruling solely on the doctrine of laches, the district court acknowledged the EEOC's compliance with local rule 24(C)(1). We agree that the EEOC filing complied with the requirements of local rule 24(C)(1).

■ Finally, McDonnell Douglas argues that the doctrine of laches bars the EEOC's recovery of costs. The purpose of the doctrine of laches is to prevent a party from obtaining relief after it "has engaged in unreasonable and inexcusable delay which results in undue prejudice to the other party." *Citizens and Landowners Against the Miles City/New Underwood Powerline v. Secretary, United States Department of Energy*, 683 F.2d 1171, 1175 (8th Cir.1982); see *E.E.O.C. v. Westinghouse Electric Corp.*, 592 F.2d 484, 486 (8th Cir.1979). While there was a nineteen month period in which McDonnell Douglas was uncertain as to whether the EEOC would seek to recover its costs from the prior litigation, the delay was allowed by local rule 24(C)(1). Further, McDonnell Douglas has failed to prove that it was unduly prejudiced by the timing of the EEOC's filing. *See Hurst v. United States Postal Service*, 586 F.2d 1197, 1200 (8th Cir.1978).

Because the EEOC's recovery of costs is not barred by either the local court rule or the doctrine of laches, the district court's failure to comply with our mandate awarding costs to the EEOC was improper. "Under the principles applicable to the law of the case doctrine, the district court is bound by all matters within the compass of our prior opinion." *Houghton v. McDonnell Douglas Corp., supra*, 627 F.2d at 865.

We reverse the district court's order and remand for a determination of the costs due the EEOC. The district court must award ordinary litigation costs and disbursements and appellate costs to the EEOC. Beyond this award of court costs to the EEOC, the district court has the discretion to determine whether the EEOC should recover the remainder of the expenses it seeks.