Gary MOORE, Plaintiff-Respondent,

v.

Ivan SHELTON, Edith Shelton, his wife, Neil Shelton, and Marie Moore, Defendants-Appellants,

and

Mary Ellen Moore GETTYS, Plaintiff-Respondent.

v.

Ivan SHELTON, Edith Shelton, Neil Shelton, Marie Moore and Linda Daume, Defendants-Appellants.

Nos. 13608, 13609.

Missouri Court of Appeals, Southern District, Division Two.

June 19, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Rich D. Moore, Moore, Brill & Wagoner, P.C., West Plains, for plaintiffs-respondents.

Devon F. Sherwood, Springfield, for defendants-appellants.

PREWITT, Chief Judge.

The disputes here center over whether a road through land owned by plaintiff Mary Ellen Moore Gettys, plaintiff Gary Moore's mother, was public or private. Plaintiff Gary Moore sought actual and punitive damages for malicious prosecution after he was acquitted of obstructing that road. § 229.150.2, RSMo 1978. His mother sought damages and an injunction in a separate action against the same defendants and their tenant. She claimed that they had removed gates, left open gates and committed other improper conduct in connection with a "private road" on her property.

Defendants counterclaimed, claiming that the road in question was a public road; that they have an "easement for the free and unobstructed use of said road, acquired by prescription and user" and sought to enjoin plaintiff Gary Moore from interfering with the use by defendants and the public of the road.

The suits were consolidated for trial and tried without a jury. The trial court found that it was a private road and granted Mary Ellen Moore Gettys $500 damages and an injunction, declaring that defendants were "permanently enjoined and restrained from the following conduct concerning the above-described road: Removing or leaving open gates on said roadway and encouraging others to do the same." It also decreed that defendants Marie

Moore and Ivan Shelton have an easement, subject to plaintiffs' use of gates, for the use of the road. Plaintiff Gary Moore was awarded $7,500 actual damages and $10,-000 punitive damages on his claim for malicious prosecution.

Defendants appeal, challenging the portions of the judgment adverse to them. They contend that the trial court erred by awarding damages to Gary Moore because its findings were not supported by substantial evidence and against the weight of the evidence. Defendants also claim that the trial court erred in granting an injunction and damages for defendants removing the gate because the evidence established that the road was a public road.

There was ample evidence to support the trial court determination that the criminal charge against Gary Moore was maliciously brought, including that the charge was "initiated, primarily for a purpose other than that of bringing an offender to justice." See *Sanders v. Daniel International Corp.*, 682 S.W.2d 803, 814 (Mo. banc 1984). The evidence also supported the finding that it was a private road and that plaintiff Gettys was entitled to the injunction and damages. On those determinations the judgment was supported by substantial evidence and was not against the weight of the evidence and no error of law appears. An opinion discussing defendants' points questioning those findings would have no precedential value and that part of the judgment is affirmed in compliance with Rule 84.16(b).

Defendants' remaining point has merit. The trial judge granted punitive damages on plaintiff Moore's claim for malicious prosecution "against all of the defendants ... in the sum of $10,000." Defendants contend this was improper as the amount of punitive damages should have been specified as to each defendant. Plaintiffs counter that this was proper because there was a conspiracy between the defendants to bring the criminal charge.

■ Establishing a conspiracy will make all defendants jointly and severally liable for actual damages, but it does not change the rule that punitive damages are to be assessed against each tort-feasor depending, among other factors, upon his degree of culpability. See *Mills v. Murray*, 472 S.W.2d 6, 14 (Mo.App.1971).

■ There may be cases where punitive damages should be the same against each defendant. See Notes on Use following MAI 36.12. However, as prescribed in that verdict form, ordinarily they should be set forth separately. See *Comegys v. Chrysler Credit Corp.*, 577 S.W.2d 873, 880 (Mo. App.1979); *Annbar Associates v. American Express Co.*, 565 S.W.2d 701, 710 (Mo. App.1978). See also *Saunders v. Flippo*, 639 S.W.2d 411, 412 (Mo.App.1982).

The reason for this rule is set forth in *State ex rel. Hall v. Cook*, 400 S.W.2d 39, 41 (Mo. banc 1966). There the court said:

We find most persuasive the following statement of the Supreme Court of South Carolina in the *Johnson* [*v. Atlantic Coast Line R. Co.*] case ([142 S.C. 125] 140 S.E. [443] 454): "The rule of one verdict against all the defendants found guilty will almost always cause the entire punishment to fall upon one alone. The other defendants will then be freed and discharged from liability on the judgment, thus being enabled, notwithstanding the 'example' of the verdict 'for the public good,' to wholly evade the penalty and defeat altogether the ends of justice. The policy of separate verdicts, on the other hand, requires that, in fixing the amount of punitive damages, the pecuniary conditions of the defendants should be considered. One defendant may show small means; the great wealth of another may be shown; and in each instance the amount of the verdict may be considered by the jury, fairly and justly, from the sound standpoint of assessing such amount of punitive damages as to operate as adequate punishment. The defendants are thus required to pay, each according to his own means. The enforcement of the judgment against one defendant does not relieve other defendants from their own responsibility to respond for willful tort."

■ Here, the evidence established different degrees of culpability and wealth of

defendants and the trial court should have separately assessed the punitive damages against each defendant. Based on the trial court's finding we can equitably do so. Unless justice otherwise required, we are to finally dispose of the case and if necessary give such judgment as should be given. Rule 84.14.

The judgment is modified so that punitive damages granted to plaintiff Gary Moore are as follows: $7,000.00 is assessed against defendant Ivan Shelton, $2,500.00 against defendant Neil Shelton, $250.00 against defendant Edith Shelton, and $250.00 against defendant Marie Moore. As modified, the judgment is affirmed. Costs of the appeal are taxed against defendants.

MAUS and CROW, JJ., concur.

HOGAN, P.J., recused.