**Charles H. BETHEA, Appellee,**

v.

**LEVI STRAUSS AND COMPANY, Appellant.**

**No. 89–2055WM.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1990.

Decided Oct. 11, 1990.

Thomas C. Walsh, St. Louis, Mo., for appellant.

Dale C. Doerhoff, Jefferson City, Mo., for appellee.

Before MAGILL, Circuit Judge, and ROSS and HENLEY, Senior Circuit Judges.

MAGILL, Circuit Judge.

Levi Strauss & Co. (Levi Strauss) appeals from a district court decision granting Charles H. Bethea equitable relief for an age discrimination claim. The case was before the district court on remand from the Eighth Circuit. At the first trial, a judgment was entered for Bethea on both an age discrimination claim and a breach of contract claim. Levi Strauss appealed and this court affirmed the trial court judgment in part and reversed it in part. On remand, the trial court awarded Bethea additional equitable relief even though Bethea had not preserved the expansion of his rights by cross-appealing Levi Strauss' original appeal. Because the district court lacked jurisdiction to enlarge Bethea's rights and was bound to execute the clear mandate of the Eighth Circuit, we reverse.

I.

In 1984, Levi Strauss dismissed Charles H. Bethea from his position as salesperson with the company. Bethea, who was 56 years old, filed a two-count complaint against Levi Strauss alleging age discrimination and breach of contract. The jury found for Bethea on both counts and awarded him $82,000 in actual damages for the age discrimination claim and $500,000 in actual damages on the breach of contract claim. After the verdict, Bethea filed a motion requesting that the court use its equitable powers to grant him full relief which would include reinstatement or, in the alternative, front pay.[1] Bethea also requested that this amount be in addition to the $500,000 granted for the breach of contract claim. The district court denied this motion. After reviewing both parties' motions regarding the jury's verdict, the district court awarded Bethea a total of $500,000 in actual damages,[2] $82,000 in liquidated damages on the age discrimination claim[3] because the jury had found that Levi Strauss willfully violated the Age Discrimination in Employment Act (ADEA), and $9,868.74 in attorney's fees.

Levi Strauss then appealed the district court's decision arguing: (1) Bethea failed to make a submissible case of age discrimination; (2) there was no evidence to support a finding of willfulness that would entitle Bethea to liquidated damages under the ADEA; and (3) Bethea's contract claim was insufficient as a matter of law. *Bethea v. Levi Strauss & Co.*, 827 F.2d 355, 356 (8th Cir.1987) (Bethea I). Bethea did not cross-appeal on the district court's denial of his motion for front pay and other equitable relief. The Eighth Circuit affirmed the district court's award of actual damages and attorney's fees for the age discrimination claim, but reversed the $82,000 liquidated damages award for Levi Strauss' willful discrimination. The Eighth Circuit also reversed the district court's $500,000 award for the breach of contract claim.

Bethea filed a petition for rehearing by the panel and a petition for rehearing en banc. In both of these petitions, Bethea requests front pay and other equitable relief. He states:

the effect of this Court's decision is to leave appellee with back pay to the date of trial only, and attorney's fees, but nothing else. The opinion of this Court

---

1. Front pay is an acceptable alternative to reinstatement under the Age Discrimination in Employment Act (ADEA). *Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100 (8th Cir.1982).

2. The jury assessed actual damages at $82,000 for the age discrimination claim, and $500,000 for the breach of contract claim. The district court entered a judgment consistent with the jury's assessment but held that because the actual damages overlapped, the total amount in actual damages for both claims should be $500,000.

3. The ADEA allows for liquidated damages where willful discrimination is found. 29 U.S.C. § 626(b). In such cases, the liquidated damages award is equal to the actual damages awarded. 29 U.S.C. § 216(b). Even though the district court held that the actual damages on the two counts were to run concurrently, the court used the jury assessment of actual damages on the age discrimination claim to determine the amount of liquidated damages.

does not specifically remand with directions to the district Court to conduct further proceedings to make appellee whole through reinstatement or front pay.

Joint Appendix at 45. Both of these petitions were denied and the original Eighth Circuit mandate[4] was left unchanged.

When the case returned to the district court for execution of the appellate mandate, Bethea filed his fourth motion asking for front pay and other equitable relief. In response, the district court held a hearing where Bethea presented his arguments a fifth time. Finding Bethea's arguments compelling, the district court decided to grant the additional equitable relief saying:

> Well, let's just give it a whirl and see what happens.... I'll order him reinstated or in the alternative that they make him whole, ... if they affirm that the company can make their election as to which one they want to do and if they say that I didn't have jurisdiction to do it, well, that's something we ought to know anyhow.... I don't know whether I can do that or not but I'll try.

Joint Appendix at 107. After this hearing, the parties conducted additional discovery to determine Bethea's damages from his discharge and any benefits due him. The district court then entered an order awarding Bethea $365,481.41 for loss of wages and benefits. Levi Strauss appeals this order and we reverse, directing the district court to execute the original Eighth Circuit mandate.

**4.** The Eighth Circuit judgment of August 27, 1987 reads:

> After consideration it is ordered and adjudged that the district court's judgment awarding Bethea actual damages and attorney's fees on the age discrimination claim is affirmed, the district court's judgment awarding Bethea liquidated damages is reversed, and the district court's judgment awarding Bethea damages on the breach of contract claim is also reversed, in accordance with the opinion of this Court.

**5.** The district court does retain limited jurisdiction to assist the appellate court and for other matters. Such jurisdiction is not relevant to this appeal.

## II.

Levi Strauss argues on appeal that the district court did not have authority to grant Bethea additional relief on remand because he waived his right to such relief by failing to cross-appeal the original district court decision. Levi Strauss also argues that the district court was bound to obey the Eighth Circuit's original order and erred in granting relief not mandated by that order.

Bethea argues that he did not waive any rights by not filing a cross-appeal because the district court judgment was wholly in his favor. Bethea also argues that he was not aggrieved until after the Eighth Circuit mandate.

The ultimate question is whether the district court had the authority to grant additional equitable relief on remand from this court. The ADEA authorizes the district court to grant equitable relief to effectuate the purposes of the act. 29 U.S.C. § 216(b). When Levi Strauss filed its appeal to the district court's final order, the district court lost jurisdiction over the case.[5] *Reserve Mining Co. v. Environmental Protection Agency*, 514 F.2d 492, 541 (8th Cir.1975). Therefore, while the district court could have granted the relief in question before it issued its final order of August 27, 1987, it did not have authority to exercise its equitable powers after it lost authority to act in the case.

■ A federal appellate court's scope of review is limited to issues raised both below and on appeal.[6] *Short v. Central*

**6.** Since the federal appellate courts are courts of review, neither parties nor the court can modify the pleadings at the appellate level. *See generally Booker v. Special School Dist.*, 585 F.2d 347, 353 (8th Cir.1978). The appellate court, however, does maintain broad discretion with respect to legal issues. For example, an appellate court may, sua sponte, apply the correct rule of law to an issue properly before it even though neither party argued it at either the district or appellate level.

Appellate courts may, however, raise the question of subject matter jurisdiction at any time sua sponte. *Siegert v. Gilley*, 895 F.2d 797, 800 (D.C.Cir.1990) (appellate court has duty to raise issue of its own jurisdiction).

*States, Southeast & Southwest Areas Pension Fund,* 729 F.2d 567, 575–76 (8th Cir. 1984) (failure to cross-appeal precludes raising issue on appeal). It is well-settled that failure to file a cross-appeal prohibits an appellee from attempting to enlarge her rights or to lessen her adversary's rights. *Morley Constr. Co. v. Maryland Casualty Co.,* 300 U.S. 185, 191, 57 S.Ct. 325, 327–28, 81 L.Ed. 593 (1937); *Langnes v. Green,* 282 U.S. 531, 538, 51 S.Ct. 243, 246, 75 L.Ed. 520 (1931); *Johnson v. United States Fire Ins. Co.,* 586 F.2d 1291, 1294 n. 7 (8th Cir.1978); *see also United States v. American R. Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 563–64, 68 L.Ed. 1087 (1924); *Joseph v. Norman's Health Club, Inc.,* 532 F.2d 86, 88 n. 2 (8th Cir.1976); *Robicheaux v. Radcliff Material, Inc.,* 697 F.2d 662, 668 (5th Cir.1983); *cf. Wycoff v. Menke,* 773 F.2d 983, 985 (8th Cir.1985) (cross-appeal not necessary when party only seeks to sustain lower court decision); *United States v. Unger,* 700 F.2d 445, 450 (8th Cir.1983) (failure to file for rehearing precludes challenging appellate decision in later proceeding).

Bethea claims that he could not cross-appeal[7] since he was completely satisfied with the district court's judgment. This argument is without merit. Parties who receive all the relief sought are prohibited from appealing, not parties who are satisfied with the final judgment. *Watson v. Newark,* 746 F.2d 1008 (3d Cir.1984). It is clear from the record that Bethea did not receive all the relief he requested. After the jury returned its verdict, Bethea filed a motion requesting the district judge to grant him additional equitable relief that would supplement the jury award. The district court denied this motion in its final order of August 27, 1987. Therefore, even though Bethea may have been satisfied with his award, he clearly did not receive all that he requested. If Bethea had filed a protective cross-appeal, he would not be in this situation.

The Eighth Circuit did not address the issue of granting further relief to Bethea

in its original mandate, because it had no authority to do so. Bethea's failure to file a cross-appeal estopped him from requesting further relief from the Eighth Circuit. When the Eighth Circuit decided to affirm in part and reverse in part the district court decision, Bethea filed motions for rehearing in which he argued for further equitable relief on the affirmed portion of the district court decision. Even if a rehearing had been granted, the Eighth Circuit could not have expanded Bethea's rights because he failed to cross-appeal.

On remand, a district court is bound to obey strictly an appellate mandate. *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895); *Houghton v. McDonnell Douglas Corp.,* 627 F.2d 858, 864 (8th Cir.1980); *see also Piambino v. Bailey,* 757 F.2d 1112 (11th Cir.1985). If the district court fails to comply with an appellate mandate, the appellate court has authority to review the district court's actions and order it to comply with the original mandate. *Houghton v. McDonnell Douglas Corp.,* 716 F.2d 526, 527, 528 (8th Cir.1983). If there are no explicit or implicit instructions to hold further proceedings, a district court has no authority to re-examine an issue settled by a higher court. *Nelson v. All American Life & Fin. Corp.,* 889 F.2d 141, 152 (8th Cir.1989); *see also Poletti v. Commissioner,* 351 F.2d 345, 347 (8th Cir.1965) (appellate mandate completely controls all matters within its compass).

Levi Strauss argues that the district court violated the law of the case doctrine when it deviated from the Eighth Circuit mandate. When an appellate court remands a case to the district court for further proceedings consistent with the appellate decision, all issues the appellate court decides become the law of the case. *Houghton,* 627 F.2d at 864. The law of the case doctrine directs courts to follow decisions made in earlier proceedings to prevent the relitigation of settled issues in a case, thereby protecting the settled expectations of parties, ensuring uniformity of

---

**7.** The Federal Rules of Appellate Procedure allow a party who receives notice of a timely appeal fourteen additional days *to file its own* appeal. Fed.R.App.P. 4(a)(3).

decisions, and promoting judicial efficiency. *Little Earth of United Tribes, Inc. v. United States Dep't. of Hous. and Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir.1986). However, since the original Eighth Circuit mandate did not explicitly or implicitly direct the district court to conduct further proceedings, the district court was not directed to interpret or apply the decision of the Eighth Circuit. The district court was merely directed to execute the Eighth Circuit's mandate. Therefore, the discretionary law of the case doctrine does not apply. *See Thornton v. Carter*, 109 F.2d 316, 320 (8th Cir.1940) (all issues not specifically remanded to district court are out of district court's reach when appeal arises from final judgment on merits), *quoted in Houghton*, 627 F.2d at 865.

■ Even though the law of the case doctrine is not based on jurisdiction, the common law strongly directs courts to follow decisions made in an earlier proceeding unless substantially different evidence is introduced or the earlier decision is both clearly erroneous and works a manifest injustice or some other extraordinary circumstances exist. *In re Progressive Farmers Ass'n*, 829 F.2d 651, 655 (8th Cir. 1987) (on remand lower court required to follow appellate court decision unless new evidence introduced or decision is clearly erroneous and works manifest injustice); *Little Earth of United Tribes, Inc.*, 807 F.2d at 1441 (vastly increased costs and evolving scope of rehabilitation not changed circumstances that provide basis from departing from law of case). This is not such a case. The Eighth Circuit's mandate is clear: the actual damages and attorney's fee award for the age discrimination claim were affirmed and all other awards were reversed. Therefore, the district court erred in holding further proceedings and deviating from the mandate of the Eighth Circuit.

Even if the district court found some ambiguity or changed circumstances which merited further proceedings, it had no power to increase Bethea's award for the age discrimination claim. When the district court issued its final order, the matter was resolved as far as the district court was concerned. Levi Strauss' appeal effected a limited revival of the matter before the Eighth Circuit. By cross-appealing, Bethea could have broadened the scope of review to include the district court's denial of his request for further relief. Bethea's failure to do so limited the appellate court's options to leaving the district court's judgment intact or decreasing the district court's award. Therefore, on remand, the district court was subject to the same limits as the appellate court and had no authority to grant Bethea further relief.

## III.

For the foregoing reasons, we hold the district court erred in conducting further proceedings and granting additional relief. We remand and direct reversal of the district court's post-appeal decision and direct it to execute the original Eighth Circuit mandate.