109 F.3d 497
 DUNCAN ENERGY COMPANY, a Colorado General Partnership;
Meridian Oil, Inc., a Delaware corporation, Appellees,
v.
UNITED STATES FOREST SERVICE, an agency of the United States
Department of Agriculture; Samuel P. Redfern, in his
official capacity as District Ranger for the Medora Ranger
District, North Dakota, Appellants.
 No. 95-4260.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 20, 1996.
Decided March 27, 1997.
 
 John T. Stahr, argued, Washington, DC (Edward J. Shawaker, Robert L. Klarquist, Sandra B. Zellmer, Washington, DC, M. Bradley Flynn, James B. Snow, Jeffrey D. Eisenberg, Washington, DC, Christine R. Everett, Alan J. Campbell, Missoula, MT, on the brief), for appellants.
 Charles L. Kaiser, argued, Denver, CO (John Morrison, Brian R. Bjella, Bismark, ND, Anthony J. Shaheen, Denver, CO, on the brief), for appellees.
 Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.
 WOLLMAN, Circuit Judge.
 
 
 1
 Pursuant to our directions in a prior appeal in this matter, Duncan Energy Co. v. United States Forest Service, 50 F.3d 584 (8th Cir.1995) (Duncan I ), the district court granted summary judgment in favor of the United States Forest Service and entered a permanent injunction. The Forest Service now appeals. We reverse and remand.
 
 
 2
 This case involves the definition of rights between the United States, the owner of the surface estate on certain tracts of land in the Little Missouri National Grasslands in the Custer National Forest, and Meridian Oil, the owner of the outstanding mineral estate. Duncan Energy has an exploration agreement with Meridian under which it drills exploratory oil and gas wells on those tracts.
 
 
 3
 Before drilling, Duncan and Meridian submit a surface use plan to the Forest Service and obtain a special use authorization letter. The authorization letter contains conditions and protective measures for surface use. In December of 1992, Duncan submitted a surface use plan for a new drilling site. Processing of this plan took longer than usual, and in March of 1993, Duncan constructed a road and erected a drill rig without Forest Service authorization.
 
 
 4
 Duncan then sought a declaratory judgment that the Forest Service could not prohibit access to or regulate the exploration and development of the privately owned mineral estate. The Forest Service counterclaimed, alleging that Duncan had improperly used the federal surface without obtaining authorization and requesting a permanent injunction barring Duncan from conducting ground-disturbing activity without the Forest Service's prior written authorization. The district court granted summary judgment for Duncan, ruling that the United States could not regulate the mineral estate in a manner different from or greater than permitted under state law, even if that development would completely destroy the surface estate, with the mineral estate holder being liable for any damage done to the surface estate. The court rejected the Forest Service's argument that it had the power to adopt rules, regulations, and permit requirements before allowing ground-disturbing activity. See Duncan I, 50 F.3d at 585-87.
 
 
 5
 On appeal, we concluded that North Dakota law limited the mineral estate holder to making use of only so much of the surface estate as was reasonably necessary to explore, develop, and transport the minerals. See id. at 588. We also concluded that federal law gave the Forest Service the power to regulate Forest System lands and agreed with the Forest Service that it had the limited authority to determine the reasonable use of the federal surface. See id. at 589-91. In passing, we stated that:
 
 
 6
 Duncan explains that it resorted to proceeding without Forest Service authorization because of the Forest Service's delay in processing its surface use plan. Implicit in our conclusion that the Forest Service is authorized to determine the reasonable use of the federal surface is our assumption that the Forest Service's inquiry must be reasonable, and thus, expeditious. Otherwise, the Forest Service's authority could expand to "veto authority" over mineral development. The Forest Service concedes that it cannot prohibit mineral development and recognizes the mineral holder's absolute right to develop its mineral estate. Counsel at oral argument represented that the Forest Service approval of a surface use plan usually takes about two months. We believe such a timeframe is consistent with the Forest Service's authority to determine the reasonable use of the federal surface and does not violate the mineral holder's dominant right to access and develop its mineral estate.
 
 
 7
 See id. at 591 n. 8.
 
 
 8
 We reversed and remanded the case with instructions that the district court enter summary judgment for the Forest Service and an order "declaring that Duncan violated Forest Service regulations by proceeding with mineral development absent Forest Service authorization of the surface use plan." We left it to the district court to consider the Forest Service's request for a permanent injunction. See id. at 591-92.
 
 
 9
 On remand, the district court entered summary judgment for the Forest Service. Quoting footnote eight of our opinion, the court stated that we "ha[d] determined that two months for the review process is permissible." Consistent with its summary judgment order, the court entered a permanent injunction incorporating the following conditions: The Forest Service has limited authority to approve reasonable use of the federal surface; a mineral developer must file a proposed surface use plan with the Forest Service prior to development of the mineral estate; the Forest Service's authority must be exercised in an expeditious manner and processing of surface use plans completed within two months; approval could not be withheld if the effect of denying approval was the prohibition of mineral development, nor could it unreasonably restrict the exercise of rights associated with the mineral estate; and mineral developers could proceed without approval after the passage of sixty days from when their application was filed if the application had not been acted upon, subject to a damages suit for any unreasonable damage to the surface estate. The court stated that Duncan had violated Forest Service regulations by proceeding without Forest Service approval, and it enjoined Duncan and other mineral developers from surface usage unless they complied with the limited authority of the Forest Service as outlined in the injunction.
 
 
 10
 On appeal, the Forest Service concedes that its review of proposed surface use plans must be reasonable and expeditious, but argues that the inflexible sixty-day limit is improper. It also argues that the district court erred in holding that after sixty days the Forest Service's authority to regulate lapses and its remedy is an after-the-fact damages suit. We agree.
 
 
 11
 On remand, the district court must follow our mandate, and we retain the authority to determine whether the terms of the mandate have been scrupulously and fully carried out. See Jaramillo v. Burkhart, 59 F.3d 78, 80 (8th Cir.1995); Bethea v. Levi Strauss & Co., 916 F.2d 453, 456-57 (8th Cir.1990).
 
 
 12
 The district court correctly recognized and incorporated our conclusions that the Forest Service has the limited authority to determine the reasonable use of the federal surface, that Duncan must obtain Forest Service approval prior to proceeding, and that Duncan improperly proceeded without Forest Service approval in this case. The district court erred, however, in construing footnote eight to mandate an inflexible time limit for Forest Service action. We stated in footnote eight that the Forest Service's inquiry regarding surface use plans must be reasonable and expeditious, a conclusion with which the Forest Service agrees and one that should be part of the injunction in this case. We did not, however, mandate a per se time limit that the Forest Service must follow. Footnote eight simply noted the Forest Service's representation at oral argument in Duncan I that approval of a surface use plan usually takes about two months, a time frame supported by the record.[1] To read a mandatory two-month requirement into our statement that this time frame was consistent with the Forest Surface's authority, however, reads footnote eight too broadly.
 
 
 13
 Reasonableness of processing time must be determined on the basis of the totality of circumstances related to each surface use plan and the obligations of the Forest Service. The prior course of conduct between the parties is one factor to consider, but it is not the controlling factor. The Forest Service has only limited authority to regulate use of the subservient surface estate by the dominant mineral estate, and its processing time must be reasonable, expeditious, and as brief as possible. Should future developments reveal a pattern of unwarranted delay by the Forest Service in processing proposed surface use plans, it may be necessary to revisit our determination that the imposition of a sixty-day limitation is too rigid a schedule for the Forest Service to meet.
 
 
 14
 The provision of the district court's order allowing Duncan to proceed without Forest Service authorization after the sixty-day limit, subject only to a later damages suit, was also incorrect. This provision effectively reinstates the original judgment we reversed in Duncan I, and is inconsistent with our conclusion that the Forest Service has the authority to require prior approval of a surface use plan before a developer uses the federal surface. Our mandate in Duncan I directed the district court to enter an order declaring that Duncan violated Forest Service regulations by proceeding absent Forest Service authorization of its surface use plan. Allowing unrestricted access after sixty days, or any specific period of time, would be inconsistent with our mandate in the first appeal.
 
 
 15
 Accordingly, we vacate the summary judgment order and permanent injunction. We remand for entry of summary judgment in favor of the Forest Service and for the entry of a permanent injunction consistent with both of our opinions in this case.
 
 
 
 [1]
 Between 1984 and 1992, Meridian submitted fifteen surface use plans to the Forest Service; thirteen were processed in less than sixty days, one in seventy-four days, and one in ninety days. The plan Duncan submitted in December of 1992 had been under review for approximately 100 days before Duncan improperly took unilateral action