# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1054
_____

Burlington Industries, Inc.,       *
                                               *

           Appellant,            *

                                                *     Appeal from the United States

      v.                         *     District Court for the

                                                *     Eastern District of Arkansas.

Maples Industries, Inc.,         *       [UNPUBLISHED]
                                                *

           Appellee.           *

_____

Submitted:  July 21, 1997

Filed:  August 4, 1997
_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

In 1996, Maples Industries, Inc. (Maples) appealed the district court's conclusion that it had personal jurisdiction over Maples in a diversity action brought by Burlington Industries, Inc. (Burlington).  We reversed, remanded for dismissal of the action, and ordered the district court to conduct proceedings consistent with our opinion.  See Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100 (8th Cir. 1996).  Subsequent to our decision, Burlington moved in the district court for transfer

of its case to the Northern District of Alabama, pursuant to 28 U.S.C. § 1631. The district court denied Burlington's motion and dismissed the case, concluding that it lacked authority to transfer the case based upon the language of our mandate. This appeal followed.

We have the authority to review the district court's action for compliance with our mandate, and we note that a district court is bound to strictly obey appellate mandates on remand. See Bethea v. Levi Strauss & Co., 916 F.2d 453, 456 (8th Cir. 1990). As we did not address the issue of transfer, however, the district court did not lack authority to order transfer based upon our mandate. We therefore remand this case to the district court for consideration of Burlington's motion.

The district court's judgment is vacated, and the case is remanded.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.