# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1134
_____

Bader Farms, Inc.

*Plaintiff - Appellant*

Bill Bader

*Plaintiff*

v.

Monsanto Company

*Defendant*

BASF Corporation

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: January 11, 2024
Filed: April 30, 2024
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

In *Bader Farms, Inc. v. BASF Corp.*, 39 F.4th 954, 974 (8th Cir. 2022), this court mandated: "This court reverses in part, vacates the award of punitive damages, and remands with instructions to hold a new trial on the single issue of punitive damages. In all other respects, the judgment is affirmed."

On remand—after a settlement between plaintiff Bader Farms and co-defendant Monsanto Company—the district court did not hold a new trial and found co-defendant BASF Corporation could not be liable for punitive damages. ***Bader Farms, Inc. v. Monsanto Co.***, 2022 WL 17338014, at *2-3 (E.D. Mo. Nov. 30, 2022). Bader Farms seeks to enforce this court's mandate. Having jurisdiction under 28 U.S.C. § 1291, this court remands with instructions to hold a new trial to separately assess the punitive damages for BASF.

In the original trial, Bader Farms sued Monsanto and BASF for negligent design and failure to warn, alleging its peach orchards were damaged by dicamba drift in 2015-19. The jury awarded $250 million in punitive damages against both Monsanto and BASF based on Monsanto's acts in 2015-16 (which the district court reduced to $60 million). ***Bader Farms***, 49 F.4th at 961.

The defendants appealed. This court affirmed except for punitive damages, holding BASF and Monsanto liable as co-conspirators in a civil conspiracy. *See **id.*** at 973-74, *citing **Moore v. Shelton***, 694 S.W.2d 500, 501-02 (Mo. App. 1985).

This court remanded to "'separately assess' punitive damages against Monsanto and BASF," stating: "The district court should have instructed the jury to 'separately assess' punitive damages against Monsanto and BASF." ***Id.*** at 972-73. "Under Missouri law, 'defendants shall only be severally liable for the percentage of punitive damages for which fault is attributed to such defendant by the trier of fact.'" ***Id.*** at 972, *quoting* **§ 537.067.2, RSMo 2016**. This court mandated a new trial so the trier of fact could make that determination. *See generally* **28 U.S.C. § 2106** (granting this court wide authority to direct an inferior court).

Before the new trial, Monsanto settled with Bader Farms. The district court did not conduct a new trial. Instead, it reverted to its prior ruling that "that BASF's individual conduct in 2015 and 2016 did not warrant separate imposition of punitive damages against BASF," believing that ruling was not appealed. ***Bader Farms, Inc. v. Monsanto Co.***, 2020 WL 1503395, at \*1 (E.D. Mo. Feb. 28, 2020). The district court concluded that, under the law of the case, BASF could not be liable for any punitive damages. It labeled as "dicta" this court's holding that BASF could be liable for a "degree of culpability," as a co-conspirator, for Monsanto's acts in 2015-16. The district court dismissed all claims against BASF.

Bader Farms appeals, arguing the district court ignored (1) this court's mandate and (2) this court's holding that BASF can be assessed punitive damages for its acts in furtherance of the conspiracy.

This court reviews de novo a district court's interpretation of an appellate mandate. ***Petrone v. Werner Enters., Inc.***, 42 F.4th 962, 968 (8th Cir. 2022), *quoting* ***United States v. Parks***, 700 F.3d 775, 777 (6th Cir. 2012).

"On remand, a district court is bound to obey strictly an appellate mandate." ***Bethea v. Levi Strauss & Co.***, 916 F.2d 453, 456 (8th Cir. 1990), *citing* ***In re Sanford Fork & Tool Co.***, 160 U.S. 247, 255 (1895). "If the district court fails to comply with an appellate mandate, the appellate court has authority to review the district court's actions and order it to comply with the original mandate." ***Id.***, *citing* ***Houghton v. McDonnell Douglas Corp.***, 716 F.2d 526, 527-28 (8th Cir. 1983). Absent "explicit or implicit instructions to hold further proceedings, a district court has no authority to re-examine an issue settled by a higher court." ***Id.***, *citing* ***Nelson v. All American Life & Fin. Corp.***, 889 F.2d 141, 152 (8th Cir. 1989). "Every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined." ***Thompson v. Commissioner***, 821 F.3d 1008, 1011 (8th Cir. 2016).

The district court did not hold a new trial on the issue of punitive damages, reasoning:

> The matter of an individual punitive damages claim against BASF was not before the Eighth Circuit because no one raised it. It was therefore waived. *See XO Missouri, Inc. v. City of Maryland Heights*, 362 F.3d 1023, 1025 (8th Cir. 2004). The Eighth Circuit's discussion regarding the appropriateness of the punitive damages submission against BASF appears to be dicta because it is not relevant to the issues that were presented on appeal.

**Bader Farms**, 2022 WL 17338014, at *2.

The district court ruled that "in the absence of any claim of negligence against BASF for the years 2015-16, obviously there can be no claim for punitive damages for those years." This court in *Bader Farms* held to the contrary: "Bader provided clear and convincing evidence that Monsanto and BASF acted with reckless indifference, and the *Lopez* factors did not prevent submission of punitive damages." **Bader Farms**, 39 F.4th at 972, *discussing* **Lopez v. Three Rivers Elec. Co-op., Inc.**, 26 S.W.3d 151, 160 (Mo. banc 2000).

Under a theory of vicarious liability, Missouri law, even in the absence of any freestanding negligence claim, allows for punitive damages against BASF. *See* **McHaffie ex rel. McHaffie v. Bunch**, 891 S.W.2d 822, 826 (Mo. banc. 1995) ("Vicarious liability or imputed negligence has been recognized under varying theories, including . . . conspiracy . . . ."). "[U]nder the civil conspiracy theory, the conspiracy gives rise to a mutual agency of each conspirator to act for the others, which makes all conspirators liable for the tortious act of any one of them." **Restatement (Second) of Torts**, Sec. 876(a), cmt. a.; *see* **Matthews v. Harley-Davidson**, 685 S.W.3d. 360, 369 (Mo. banc. 2024) (adopting, in Missouri, Section 876 of the Second Restatement of Torts).

BASF is vicariously liable for Monsanto's actions because "[p]robative facts support the jury's conclusion that Monsanto and BASF participated in a conspiracy." *Bader Farms*, 39 F.4th at 970. A jury found Monsanto liable for negligence in 2015-16 and awarded compensatory and punitive damages. BASF, as a co-conspirator, is vicariously liable. This court remanded for a trier of fact to apportion the punitive damages award. Of course, the district court may be correct that an "apportionment due to the conspiracy between Monsanto and BASF pertaining to the years 2015-16" could "be 100% against Monsanto and 0% against BASF." *Bader Farms*, 2022 WL 17338014, at *2. Applying Missouri Law – and this court's mandate – that determination is for the trier of fact.

BASF cites two rationales for the district court's decision: (1) the law of the case and (2) the cross-appeal rule.

## I.

The district court reasoned: "Because it is the law of the case that plaintiff did not make a submissible case for punitive damages against BASF individually, and because that ruling was not itself appealed by any party, the matter of punitive damages is settled." *Id.* at *3.

Under the law of the case, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "This principle applies to both appellate decisions and district court decisions that have not been appealed." *Alexander v. Jensen–Carter*, 711 F.3d 905, 909 (8th Cir. 2013), *citing First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 620 (8th Cir. 2007).

At the original trial, a jury found BASF jointly and severally liable for punitive damages under a theory of joint venture between Monsanto and BASF, which this court reversed. On appeal, BASF (as appellant) had argued "that punitive damages should not have been awarded without a jury's individualized assessment of its

wrongdoing."[1]  **Bader Farms**, 39 F.4th at 972.  The issue of BASF's individual assessment for punitive damages was, thus, before this court.  This court held that Missouri law required a separate, individual assessment of punitive damages to the two defendants as co-conspirators.  **Id.** at 973-74

The district court erred in its application of the law of the case.  "Appellants' law of the case argument is incorrect. . . .  [T]his court is not bound by the district court's determination. . . .  [T]he law of the case doctrine provides that once an appellate court has decided an issue in a case, the district court cannot revisit that determination on remand.  It does not stand for the reverse proposition 'that superior courts are bound by the decisions of inferior courts.'"  **W. Virginia Pipe Trades Health & Welfare Fund v. Medtronic, Inc.**, 845 F.3d 384, 391 (8th Cir. 2016), *citing* **In re Raynor**, 617 F.3d 1065, 1068 (8th Cir. 2010) (internal citations omitted).  *Cf.* **Pyramid Life Ins. Co. v. Curry**, 291 F.2d 411, 414 (8th Cir. 1961), *citing* 5B **C.J.S.** *Appeal & Error* § 1964 (explaining that when an appellate court has remanded for a jury trial on a question of fact, it is error for the inferior court to make a finding on that question of fact without a trial).  "It is apparent that the issue of" an individual assessment of BASF's punitive damages "was before us for adjudication upon the prior appeal."  **Pyramid Life**, 291 F.2d at 413.  "No purpose would be served by remanding for a jury trial if there was no material fact issue for the jury to determine."  **Id.**

This court's holding about BASF's individual assessment was not dicta.  *See* **Klein v. Arkoma Prod. Co.**, 73 F.3d 779, 785 (8th Cir. 1996) ("[T]he district court

---

[1]BASF contends Bader Farms, by its responding arguments in the first appeal, waived the right to argue that BASF could be liable for punitive damages based on its individual degree of culpability.  Bader Farms there argued that BASF's punitive damages liability came from Missouri joint venture law, without requiring proof of individual culpability.  *See* **Bader Farms**, 39 F.4th at 972.  This argument responded to BASF's argument about joint venture law.  This court resolved the issue based on civil conspiracy law and remanded for a new trial – a separate, individual assessment of punitive damages by the trier of fact.  *See* **United States v. Perkins**, 94 F.3d 429, 437 (8th Cir. 1996) ("one panel of the court cannot reverse another panel").

was not free to reject our legal conclusion."). Because BASF's individual assessment for punitive damages was before this court, this court's mandate was the law of the case.

BASF relies on *Macheca Transportation Co. v. Philadelphia Indemnity Insurance Co.*, 737 F.3d 1188 (8th Cir. 2013). After the defendant there did not appeal the damages instruction, but appealed other issues, this court issued an opinion and remanded for a second trial, without addressing the unappealed damages instruction. *Id.* at 1192. At the second trial, the defendant challenged that damages instruction. The district court rejected the challenge under the law of the case. This court affirmed "because that issue was decided during the first trial and Macheca did not appeal it." *Id.* at 1194. Here, this court directly addressed BASF's individual liability for punitive damages, which was before this case in the first appeal.

## II.

BASF invokes the cross-appeal rule. At the original trial, the district court found that BASF could not be individually liable for punitive damages but could be jointly and severally liable for punitive damages. BASF argues that, when this court mandated a separate, individual assessment of punitive damages, Bader Farms received an improper benefit without cross-appealing that original finding.

True, under "that unwritten but longstanding rule, an appellate court may not alter a judgment to benefit a nonappealing party. [The Supreme Court,] from its earliest years, has recognized that it takes a cross-appeal to justify a remedy in favor of an appellee." **Greenlaw v. United States**, 554 U.S. 237, 244-45 (2008), *citing* **McDonough v. Dannery**, 3 U.S. (3 Dall.) 188, 198 (1796). However, "federal appellate courts, do[] not review lower courts' opinions, but their *judgments*." **Jennings v. Stephens**, 574 U.S. 271, 277 (2015), *citing* **Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.**, 467 U.S. 837, 842 (1984).

Here, in the first appeal, this court's ruling was not to the benefit of Bader Farms but to its detriment. The judgment appealed to this court was joint and several punitive damages, which were not limited by individual culpability. *Contra* **§ 537.067.2, RSMo 2016; *Mills v. Murray***, 472 S.W.2d 6, 14 (Mo. App. 1971), *citing **State ex rel. Hall v. Cook***, 400 S.W.2d 39, 41 (Mo. banc. 1966) ("The rule is otherwise as to punitive damages which may be properly determined against joint tortfeasors in differing amounts, depending, among other factors, upon the degree of the culpability of each."). *Cf. **Bethea***, 916 F.2d at 456 ("[p]arties who receive all the relief sought are prohibited from appealing" but "parties who are satisfied with the final judgment" are not). This court altered the judgment by vacating the award of punitive damages, changing the defendants' theory of liability for punitive damages, and remanding for a new trial to re-determine punitive damages. Each alteration left Bader Farms in a worse position. Thus, this court's alterations did not benefit Bader Farms. The cross-appeal rule is inapplicable here.

* * * * * * *

This court reverses the judgment and remands with instructions to hold a new trial on the single issue of punitive damages.

_____