**Monica STONER, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 87–5439.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1988.

Decided Sept. 19, 1988.

---

David R. Gienapp, Madison, S.D., for appellant.

Chester A. Groseclose, Jr., Aberdeen, S.D., for appellee.

Before HEANEY and MAGILL, Circuit Judges, EDWARDS,* Senior Circuit Judge.

MAGILL, Circuit Judge.

Monica Stoner (Stoner) appeals from an adverse jury verdict in a suit she brought against State Farm Mutual Automobile Insurance Company (State Farm), alleging that State Farm engaged in a bad faith refusal to promptly process her claim. Stoner's principal contention on appeal is that the district court erred in refusing to allow Stoner's expert witness to use certain materials as a basis for his testimony. We affirm the district court.[1]

## I. BACKGROUND

The facts are set out in detail in this court's prior opinion in this case, *Stoner v. State Farm Mutual Automobile Insurance Co.*, 780 F.2d 1414 (8th Cir.1986) (*Stoner I*), and will only be repeated as necessary. After being severely injured in an automobile accident, Stoner sought to recover under an insurance policy she had with State Farm, as well as under two State Farm policies owned by her father. Stoner and State Farm disagreed as to the scope of coverage, and in May of 1983, Stoner sued State Farm, seeking benefits under her and her father's policies in Count I, and claiming punitive damages in Count II based on State Farm's alleged bad faith refusal to pay benefits. State Farm admitted liability for $85,000 under Stoner's policy, but moved for summary judgment on Stoner's other claims. The district court granted State Farm's motions, and Stoner appealed.

A panel of this court, in *Stoner I,* determined that the district court had been correct in granting State Farm's motion for summary judgment on Stoner's claim for benefits under her father's policies (Count I), but that the district court had erred in granting State Farm's motion for summary judgment on Stoner's bad faith claim (Count II). Accordingly, this court remanded the case to the district court for a trial on the bad faith claim. A jury trial

---

* THE HONORABLE GEORGE C. EDWARDS, JR., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

was held on the bad faith issue, and a verdict was returned for State Farm. Stoner now appeals from that verdict.

## II. DISCUSSION

■ Stoner's principal contention on appeal relates to the impact of statements made in *Stoner I.* The gist of Stoner's argument is that the *Stoner I* court found conclusively that State Farm had acted in bad faith, and thus Stoner was entitled to rely upon that finding. Specifically, Stoner proposed to call an expert witness to testify as to State Farm's bad faith, and the testimony of that witness was to be based in large part on language in *Stoner I.* When the district court determined that the proposed references to *Stoner I* were inadmissible, the expert declined to testify.

The comments in *Stoner I* which give rise to this controversy are as follows:

> Upon review of the facts in this case, we agree with Stoner that the record does support her bad faith claim. * * * State Farm's position in attempting to settle and interfere with Stoner's third party claims against the trucking company and its driver was not only unwarranted but unconscionable. It had no basis in fact or in law * * *. State Farm had no right to compromise Stoner's claim and thereby prolong settlement of her case.

*Stoner I,* 780 F.2d at 1418–19. Stoner asserts that this language established the "law of the case" and should have been relied on and followed by the district court on remand, and could have been relied on and followed by an expert witness.

The "law of the case" doctrine that Stoner bases her argument upon was clearly set out by this court as follows:

> This court has repeatedly held that the decision on former appeal is the "law of the case" on a question presented in that former appeal, unless the evidence introduced at the subsequent trial is substantially different from that considered on the first appeal, and must be followed in all subsequent proceedings in such case in both district and appellate courts, unless that decision is clearly erroneous and works manifest injustice. * * *

> While this rule of practice is not a limit of power, it is nevertheless a salutary one, and should be departed from only after careful consideration on situations arising in specific cases.

*Pyramid Life Insurance Co. v. Curry,* 291 F.2d 411, 414 (8th Cir.1961), *quoting Chicago, St. P., M. & O. Ry. v. Kulp,* 102 F.2d 352, 354 (8th Cir.), *cert. denied,* 307 U.S. 636, 59 S.Ct. 1032, 83 L.Ed. 1518 (1939).

Although Stoner's argument appears valid when the above-quoted portion from *Stoner I* is read alone, the argument fails when *Stoner I* is seen as a whole. The *Stoner I* court, in examining the propriety of the district court's grant of summary judgment, was limited to examining whether genuine issues of material fact existed for trial. The court did this, viewing the facts in the light most favorable to Stoner and giving Stoner the benefit of all reasonable inferences that could be derived from the facts. *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.,* 824 F.2d 582, 585 (8th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 707, 98 L.Ed.2d 658 (1988). In making the admittedly broad statements as to State Farm's bad faith, the *Stoner I* court was merely determining that genuine issues of material fact did exist for trial on the bad faith claim, rather than making a concrete finding that bad faith existed. Accordingly, the "law of the case" doctrine does not aid Stoner, because this court's statements as to bad faith were not "the decision on former appeal," but were, rather, a discussion of the evidence. This conclusion is borne out by the *Stoner I* court's disposition of the bad faith claim: "The claim is remanded to the district court for further proceedings consistent with this opinion. Because we have determined that Stoner has a viable claim on Count II of her complaint, we direct the district court on remand to allow her to amend this count on her complaint." *Stoner I,* 780 F.2d at 1419. The disposition of the *Stoner I* court as remanding the case for a determination of whether bad faith was present, as opposed to a firm conclusion that bad faith was present, is clearly illustrated by the court's discussion as to punitive damages:

*"If on remand to the district court Stoner's bad faith claim is upheld,* the court should allow compensatory damages, and punitive damages on the tort claim if the principles for applying punitive damages are applicable to this tort claim." *Id.* (emphasis added). Thus, the *Stoner I* court was not making a decision as to the ultimate merit of Stoner's bad faith claim, but was merely stating that it presented enough of a factual issue, when viewed in the light required by the standard for summary judgment, to allow her to bring it to trial.

The transcript of the district court's ruling on this issue shows that the district court was well aware of the limited scope of the language at issue in *Stoner I:*

> It is the view of the Court that the evidence presents an issue, a factual issue, for the jury of whether or not the defendant was guilty of bad faith in the handling of the Stoner claim.
>
> I don't read the Eighth Circuit Opinion [*Stoner I*] as ruling as a matter of law that the defendant was guilty of bad faith and I don't read them as requiring that determination and as instructing me to merely submit the case to the jury to ascertain the damages.
>
> As I read the mandate, the case was returned to me for trial on the issue of whether or not the State Farm was guilty of bad faith in the handling of the Stoner claim and I, in following that mandate, am of the opinion that the evidence presented presents an issue of fact to be submitted to the jury.
>
> I adhere to the decision previously announced and made, that the Eighth Circuit Opinion is not a proper basis upon which to form an expert's opinion as to whether or not bad faith existed in this case. The law of bad faith was I think reasonably well established in this Circuit in this State by *Hollman v. Liberty Mutual [Insurance Co.,* 712 F.2d 1259 (8th Cir.1983) ] and the cases cited therein. And it is the Court's view that there is sufficient law upon which an expert could form an opinion one way or the other on the issue of whether bad faith existed in this case.

Trial Transcript, Vol. 5 at 405–06.

We view this issue precisely as did the district court. Accordingly, we find no error in the district court's refusal to allow Stoner's expert to rely on *Stoner I* as the basis for his opinion on bad faith.

■ Stoner next argues that the district court erred in denying her requested jury Instructions 22, 23 and 25. All three instructions embodied wording found in *Stoner I,* and Stoner argues that they had to be submitted in order to be consistent with *Stoner I.* Instructions 22 and 23 set out examples of unconscionable or bad faith conduct, and Instruction 25 in effect required the jury to find bad faith conduct, by stating in part: "You are hereby instructed that the Defendant breached its duty of good faith to the Plaintiff * * *." We reject Stoner's argument for two reasons. First, because we have concluded that this court's discussion of bad faith in *Stoner I* did not conclusively determine that bad faith existed as the "law of the case," but rather, showed only that a factual question existed as to bad faith, Stoner's proposed instructions were not mandated. Second, the district court submitted to the jury an instruction on bad faith which adequately set out the law on that subject. We conclude that the issue of bad faith was adequately presented to the jury and there was no error in rejecting Stoner's proposed instructions.

■ Finally, Stoner argues that the district court erred in refusing to admit plaintiff's exhibit 43, a State Farm internal memorandum which Stoner asserts showed State Farm's bad faith. The memorandum is written by State Farm's claims representative to his superior and discusses whether it would be in State Farm's best interests to allow Stoner to execute a covenant not to sue with another insurance carrier. Although the memorandum speculates that "it might be shown to be bad faith if we do refuse to allow [Stoner's lawyer] to execute the covenant," the memorandum also posits that "[i]t would, conceivably, be that we are still within our

legal right to refuse to have him sign that both contractually and equitably." Reading the memorandum as a whole, we agree with State Farm's argument that it amounts to "ruminations," rather than a definitive expression of bad faith. The district court has wide latitude in deciding whether to admit or exclude evidence, and will only be reversed for an abuse of discretion. *Hicks v. Mickelson,* 835 F.2d 721, 726 (8th Cir.1987). We conclude that no such abuse took place here. Accordingly, the judgment of the district court is in all respects affirmed.