UNITED STATES of America, Appellee,

v.

**Gilberto MONTOYA, Appellant.**

**No. 92–1830.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1992.

Decided Nov. 6, 1992.

---

841(a)(1) (1988). The presentence report (PSR) recommended a base offense level of 34. This included four levels for Montoya's failed attempt to buy 4900 pounds of marijuana in a separate transaction. *See* U.S.S.G. § 1B1.3(a)(2) (Nov. 1990) (relevant conduct provision). The PSR also recommended a three-level increase to Montoya's base offense level for managing or supervising a criminal activity that "involved five or more participants." U.S.S.G. § 3B1.1(b) (Nov. 1990). At sentencing, Montoya argued the marijuana transaction was not relevant conduct for sentencing purposes. Montoya also argued the § 3B1.1(b) increase was improper because his criminal activity involved fewer than five participants. The district court rejected Montoya's arguments, adopted the PSR's total offense level of 37, and sentenced Montoya to 215 months imprisonment.

Montoya appealed his sentence, asserting only that the marijuana transaction was not relevant conduct under § 1B1.3(a)(2). *United States v. Montoya*, 952 F.2d 226, 227–29 (8th Cir.1991) (*Montoya I*). We agreed with Montoya and remanded the case to the district court for resentencing. We concluded that without considering the marijuana transaction, "Montoya's offense level would be 33." *Id.* at 228.

At resentencing Montoya again argued against an increase under § 3B1.1(b) for supervising five or more participants. Montoya focused his argument on one sentence in *Montoya I:* "The alleged conspirators were Montoya, Garcia–Escobar, and Dobson." *Id.* Relying on this sentence, Montoya argued this court held that his offense involved fewer than five participants. The district court disagreed and again increased Montoya's base offense level by three. Having excluded the marijuana transaction, the district court calculated Montoya's total offense level at 33 and resentenced Montoya to 150 months imprisonment. Montoya appeals his sentence, and we affirm.

Steven M. Watson, Omaha, Neb., argued, for appellant.

Marie R. Leslie, Asst. U.S. Atty., Omaha, Neb., argued, for appellee.

Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and LARSON,* Senior District Judge.

FAGG, Circuit Judge.

A jury convicted Gilberto Montoya of conspiracy to distribute cocaine and distribution of cocaine. *See* 21 U.S.C. §§ 846,

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

138

Montoya contends for the first time the district court should not have increased his offense level under § 3B1.1(b) at resentencing. Montoya realizes that we need not consider this issue because he failed to raise it before our remand for resentencing. *See United States v. Fiallo–Jacome,* 874 F.2d 1479, 1481–82 (11th Cir.1989). Montoya contends, however, that his failure to raise the issue does not preclude review because *Montoya I* holds that fewer than five participants were involved in his criminal activity and, on resentencing, the district court failed to follow the "law of the case." We disagree.

We did not decide whether Montoya's base offense level should be increased under § 3B1.1(b) in *Montoya I.* The sentence in our opinion that Montoya relies on was part of a general discussion of the § 1B1.3(a)(2) issue, not a § 3B1.1(b) analysis. *Montoya I,* 952 F.2d at 228. Our observation that Montoya's corrected offense level "would be 33" shows we did not consider the unchallenged three-level increase. *Id.* Because we did not decide the § 3B1.1(b) issue, the district court did not violate the law of the case. *See Stoner v. State Farm Mut. Auto. Ins. Co.,* 856 F.2d 1195, 1197–98 (8th Cir.1988) (the law of the case doctrine does not extend to issues not decided in an earlier appeal). Thus, Montoya waived any error the district court may have committed in increasing Montoya's offense level under § 3B1.1(b) by failing to raise the issue in his first appeal.

Even if Montoya had raised the § 3B1.1(b) issue in his first appeal, we would affirm Montoya's sentence. At oral argument, Montoya conceded if he is counted, there were five participants in the conspiracy. Montoya contends he should not be counted as a participant because as the supervisor, he could not supervise himself. Montoya's contention, however, is foreclosed by our holding in *United States v. Harry,* 960 F.2d 51, 53 (8th Cir.1992).

Accordingly, we affirm the district court.