# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1775

_____

United States of America,          *
                                     *
           Appellee,      *   Appeal from the United States
                                     *   District Court for the Southern
      v.                  *   District of Iowa.
                                     *
Ernest Carl Crank,         *      [UNPUBLISHED]
                                     *
          Appellant.     *

_____

Submitted: October 22, 2001

Filed: October 25, 2001

_____

Before LOKEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

After a jury found Ernest Carl Crank guilty of conspiring to distribute cocaine and cocaine base, distributing cocaine base, and distributing cocaine, the district curt sentenced Crank to concurrent prison terms of 245 months on each of the conspiracy and cocaine-base-distribution counts, and 240 months on the cocaine-distribution count. Because the indictment did not charge any specific drug quantity and the jury did not make any finding as to drug quantity, we vacated all but the cocaine-distribution sentence and remanded for resentencing in light of <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348, 2362-63 (2000). The district court resentenced Crank to 240 months on each count, with all terms to be served concurrently, and Crank appeals.

His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Crank has filed a pro se supplemental brief.  We reject Crank's appeal and affirm.

Crank argues his new sentence is still invalid under <u>Apprendi</u>.  This argument fails because his new sentence does not exceed the statutory maximum term of imprisonment he faced on his offenses without regard to drug quantity.  <u>See</u> 21 U.S.C. § 841(b)(1)(C); <u>United States v. Chavez</u>, 230 F.3d 1089, 1091 (8th Cir. 2000). Crank also argues the government failed to prove a controlled substance was present during the transactions underlying his conviction.  This argument is foreclosed by our holding in his first appeal that the evidence was sufficient to support his convictions. Crank further complains his indictment was constructively amended when the court instructed the jury on the elements of aiding and abetting.  We need not consider this issue, as it could have been raised in Crank's prior appeal.  <u>See</u> <u>United States v. Montoya</u>, 979 F.2d 136, 138 (8th Cir. 1992).

Finally, Crank argues the district court should have required preparation of another presentence report (PSR) before resentencing.  Given the limited basis of our remand, we reject this argument as well.  <u>Cf.</u> <u>Untied States v. Prado</u>, 204 F.3d 843, 845 (8th Cir. 2000) (appellant not entitled to new PSR before resentencing, as initial sentence was vacated only for purposes of reinstating right to direct criminal appeal).

Having reviewed the record independently, in keeping with <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.