# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2313

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Donnie R. Long, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 6, 2004

Filed: February 13, 2004

_____

Before BYE, RICHARD S. ARNOLD, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Donnie R. Long appeals following resentencing upon his jury trial conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, his counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Long has filed a pro se supplemental brief.

In a prior appeal, we vacated Long's sentence and remanded for resentencing in view of our finding that the Armed Career Criminal Act (ACCA) applied. <u>See United States v. Long</u>, 320 F.3d 795, 801–02 (8th Cir. 2003). At resentencing the

District Court[1] applied the ACCA, sentenced Long to 188 months of imprisonment and three years of supervised release, and imposed a $1,000 fine.

In the Anders brief, counsel challenges the District Court's refusal to continue the resentencing hearing and the Court's imposition of a fine. After careful review we find no merit in these issues. The District Court did not abuse its discretion in denying Long's continuance motion because Long sought the continuance to garner evidence in support of a challenge he wished to make to a prior conviction. See Custis v. United States, 511 U.S. 485, 487, 496–97 (1994) (except for convictions obtained in violation of right to counsel, defendant in federal sentencing proceeding has no right to collaterally attack validity of previous state convictions used to support ACCA enhancement); United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir.) (standard of review for denial of continuance), cert. denied, 519 U.S. 1018 (1996). We also find that the Court did not clearly err in imposing a $1,000 fine. See U.S.S.G. § 5E1.2; United States v. Johnston, 973 F.2d 611, 615 (8th Cir. 1992) (district court did not clearly err by imposing fine on indigent defendant based on his ability to pay fine while working in prison and after being released), cert. denied, 506 U.S. 1068 (1993).

The arguments raised in Long's pro se brief also fail. Long may not now challenge his felon-in-possession conviction because he did not raise this issue in his first appeal. See United States v. Logan, 333 F.3d 876, 878 (8th Cir.) (per curiam), cert. denied, 124 S. Ct. 970 (2003). His argument that his prior drug convictions should have been treated as related for ACCA purposes is precluded by law of the case. See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995). Despite Long's assertion to the contrary, these three prior convictions were grouped together for criminal-history-score purposes. Finally, Long's ineffective-assistance claim is not

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

properly before us.  See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having found no nonfrivolous issues after reviewing under Penson v. Ohio, 488 U.S. 75, 80 (1988), the portions of the record pertaining to resentencing, we affirm.

We also grant counsel's motion to withdraw.

_____