[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 13, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-12607
Non-Argument Calendar
_____

D. C. Docket No. 98-14003-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER R. BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 13, 2005)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

After his second sentencing, Christopher Brown appeals the 210-month

sentence imposed for his conviction of possession with intent to distribute cocaine base. After review, we affirm Brown's conviction, vacate his sentence, and remand for resentencing.

## I. BACKGROUND

### A. Brown's Indictment and Trial

On January 15, 1998, Brown was indicted for one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On May 26, 1999, the jury returned a general verdict against Brown. Thereafter, Brown filed motions for a new trial and for a judgment of acquittal, which the district court denied.

### B. Brown's First Sentencing

Brown's PSI stated that the career offender provision in the United States Sentencing Guidelines applied to Brown because: (1) Brown was at least eighteen years old at the time he committed the instant offense; (2) the offense was a felony that was a controlled-substance offense; and (3) Brown had at least two prior felony convictions of either a crime of violence or a controlled-substance offense. See U.S.S.G. § 4B1.1.[1] The PSI, which was adopted by the district court, listed

---

[1]U.S.S.G. § 4B1.1(a) states that:
A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of

2

four convictions that would qualify Brown as a career offender: (1) possession of cocaine and resisting arrest with violence on April 25, 1994; (2) possession with intent to sell or deliver cocaine on May 19, 1994; (3) attempted sale of cocaine on March 15, 1995; and (4) attempted manslaughter on July 29, 1998. As a result of the application of § 4B1.1, Brown's total offense level was 37, and his criminal history category was VI. The resulting Guidelines range was 360 months' to life imprisonment.

At sentencing, Brown objected to the career-offender enhancement, arguing that two of his predicate offenses (the April 25, 1994 offense and the May 19, 1994 offense) were committed when he was sixteen, and that he had not had any chance to rehabilitate himself. The district court overruled the objection. Further, the district court stated its belief that it did not have the power to depart downward from the career-offender Guidelines range of 360 months' to life imprisonment. The district court thus sentenced Brown to 360 months' imprisonment.

## C. Brown's First Appeal

On appeal, Brown raised several arguments with respect to his conviction.[2]

_____

either a crime of violence or a controlled substance offense.

[2]With respect to his conviction, Brown argued: (1) that the district court erred in admitting evidence of Brown's participation in an undercover drug transaction; (2) that the district court erred in admitting testimony of where Brown hid cocaine; and (3) that there was insufficient evidence to support his conviction.

As to his sentence, Brown argued that the district court erred in failing to recognize that it had discretion to depart downward in sentencing him. In his first appeal, Brown did not raise an objection to his career-offender status and this Court did not examine whether Brown had the requisite convictions for a career offender under § 4B1.1.

This Court affirmed Brown's conviction, but concluded that the district court "was mistaken in its belief that it lacked the authority to depart outside of the guideline range for career offenders." United States v. Brown, No. 99-12991, at 21 (11th Cir. June 8, 2000). We noted, however, that Brown's stated reasons for a departure – drug dependence and a disadvantaged upbringing – were not relevant grounds for departure. We stated that the district court could depart downward if it found that the sentence over-represented Brown's criminal history. We thus remanded the case for a new sentencing hearing on the "limited issue of whether or not to grant Brown a downward departure." Id.

**D.    Brown's Second Sentencing**

At his second sentencing on October 25, 2000, Brown again did not contest his career offender status, but argued that the Guidelines sentence for a career offender was too stringent in this case.

The district court, noting this Court's view that an overstatement of Brown's

4

criminal history would be a basis for departure, sentenced Brown "below the career criminal . . . . at 240 months." Brown lodged no objections to the sentence imposed, and an amended judgment was entered reflecting the new sentence. Brown did not appeal this 240-month sentence.

**E.    Brown's § 2255 Motion to Vacate Sentence**

On October 19, 2001, Brown filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Brown's motion challenged his conviction and sentence on numerous grounds. Of relevance to this appeal, Brown argued that his counsel was ineffective for failing to file a notice of appeal after Brown's October 30, 2000 sentencing (the second sentencing). Brown alleged that his counsel did not file the notice even after Brown asked him to do so.

On September 23, 2003, the district court granted Brown's § 2255 motion to vacate his sentence solely with regard to his claim that his counsel was ineffective for failing to file an appeal after his second sentencing. In doing so, the district court vacated Brown's entire sentence and ordered that Brown be resentenced as follows:

> This motion to vacate is granted with regard to Brown's claim that counsel was ineffective for failing to file an appeal after being requested to do so. The judgment shall be vacated, and Brown shall be resentenced and permitted to file an appeal.

The district court denied all of the other claims in Brown's § 2255 motion.

5

Brown filed a motion for a certificate of appealability ("COA") in the district court and in this Court based on the district court's denial of the remaining claims in his § 2255 motion. Both motions for a COA were denied.

## F.    Brown's Third Sentencing

Following the district court's order granting Brown's § 2255 motion to vacate his sentence, a new sentencing hearing was held. Thus, at this juncture, Brown had not been sentenced and the sentencing process began anew.[3] Brown's third PSI, prepared in anticipation of his third sentencing, recommended a base offense level of 28. The PSI recommended a four-level enhancement to his offense level based on Brown's career offender status, pursuant to § 4B1.1, which increased his offense level to 32. Brown's criminal history category was set at VI, given his career offender status. With an offense level at 32 and a criminal history category of VI, Brown's Guidelines range was 210-262 months' imprisonment.

Prior to his resentencing, Brown raised objections to the use of certain convictions supporting the recommended career offender enhancement. The

_____

[3]The government argues that the law-of-the-case doctrine bars Brown from raising sentencing issues in this appeal because in his first appeal this Court had issued a limited remand mandating that the district court consider only whether a downward departure was proper. See United States v. Tamayo, 80 F.3d 1514 (11th Cir. 1996). However, the government overlooks the fact that after that appeal, the district court granted Brown's § 2255 motion, vacated Brown's sentence in its entirety, and ordered a new sentencing hearing. Thus, this appeal is from an entirely new sentence. Brown's status as a career-offender was never raised and decided in any prior appeal.

6

government conceded that Brown had been a juvenile at the time he pled guilty to two of the four convictions and that his rights had not been protected in accordance with Florida law with respect to them. However, the government contended that two of the other convictions could serve as the basis for the career offender enhancement: (1) the March 15, 1995 conviction for attempted sale of cocaine; and (2) the July 29, 1998 conviction for attempted manslaughter. The offense conduct here occurred on December 16, 1997. Thus the 1995 conviction occurred before the offense conduct in this case and the 1998 conviction occurred after the offense conduct in this case.

Nonetheless, Brown's counsel repeatedly acknowledged that Brown was a career offender based on the March 15, 1995 drug offense and the July 29, 1998 manslaughter conviction and that Brown's offense level was 32 and his criminal history category was VI. Brown's counsel made no objection to these two convictions being used under § 4B1.1 to cause Brown to be a career offender. Nevertheless, Brown requested a downward departure from the career offender Guidelines range.

The district court declined to depart downward, and sentenced Brown to 210 months' imprisonment, at the low end of the career offender Guidelines range. In doing so, the district court stated:

7

I'm not going to depart downward, but I will sentence within the guideline range. The Court has considered the statements by all parties and reviewed the presentence investigation report. Based upon the severity and significance of the instant offense, that the Defendant is a career offender. The Court shall impose a sentence at the low end of the guideline range. <u>This sentence is sufficient to serve as a deterrent</u>.

(Emphasis added). Brown did not object to his third sentence in the district court.

## II. DISCUSSION

On appeal, Brown argues that the district court erred when it classified him as a career offender under the Guidelines § 4B1.1. Brown also raises arguments pursuant to <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004).[4]

### A. Classification as a Career Offender

On appeal, Brown argues that the district court erred when it classified him

---

[4]In this appeal, Brown also raises one challenge to his conviction, namely that he was wrongly convicted under the aiding and abetting theory. Specifically, Brown contends that the indictment did not list aiding and abetting, the district court improperly gave the jury the standard aiding and abetting instruction, and the jury returned only a general verdict of guilt. In Brown's first appeal before this Court, we affirmed Brown's conviction. Because Brown did not raise his aiding and abetting argument in this first appeal before this Court, Brown has waived that issue. See <u>United States v. Fiallo-Jacome</u>, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (concluding that defendant's failure to raise an issue in first appeal precluded raising that issue in a subsequent appeal, and stating "[i]n the within appeal, there is no reason why Fiallo-Jacome should get 'two bites at the appellate apple,' and we will not afford him the same"); <u>United States v. Pultrone</u>, 241 F.3d 306, 307 (3d Cir. 2001) (holding that claims of error that "could and should have been raised" on first direct appeal are not subject to review in a subsequent appeal); <u>United States v. Montoya</u>, 979 F.2d 136, 138 (8th Cir. 1992) ("Montoya waived any error the district court may have committed in increasing Montoya's offense level under § 3B1.1(b) by failing to raise the issue in the first appeal.").

Further, the district court's grant of the § 2255 motion vacated his sentence and did not affect his conviction. While Brown may raise new issues as to his new sentence, he cannot as to his conviction.

as a career offender under § 4B1.1.  Specifically, Brown argues that because the July 1998 manslaughter conviction occurred subsequent to the December 1997 offense conduct in this case, it could not be considered a "prior felony" for the purposes of the career offender provision.  Because Brown did not object to the use of this particular conviction in the district court, we review only for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).[5]

In this case, Brown has shown that the district court committed error that was plain.  Pursuant to U.S.S.G. § 4B1.2, the term "two prior felony convictions" for purposes of the career offender provision means: "[T]he defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions. . . ."  U.S.S.G. § 4B1.2 (c).  Further, "[t]he date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established. . . ."  Id.  Thus, "convictions sustained subsequent to the conduct forming the basis for the offense at issue cannot be used to enhance a defendant's status to career offender."  United States v. Williams, 29 F.3d 172, 174 (4th Cir. 1994) (citation omitted).

---

[5]To establish plain error, the defendant must show "'(1) error, (2) that is plain, and (3) that affects substantial rights."  Rodriguez, 398 F.3d at 1298 (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)).  "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quoting Cotton, 535 U.S. at 631, 122 S. Ct. at 1785).

In this case, it is undisputed that Brown sustained the manslaughter conviction on July 29, 1998, after the December 16, 1997 date on which he committed the offense conduct in this case. It is further undisputed that absent the 1998 manslaughter conviction, only the 1995 drug offense remains to sustain Brown's career offender status. That one conviction is not enough. Thus, the district court plainly erred in applying the career offender Guideline to Brown.

Brown also has shown that this error affected his substantial rights. Without the career offender status, Brown's offense level was 28 and his criminal history category was IV, resulting in a Guidelines range of 110-137 months' imprisonment. Because Brown was deemed a career offender, the district court sentenced him using an offense level of 32 and a criminal history category of VI, resulting in a Guidelines range of 210-262 months' imprisonment. See United States v. Romano, 314 F.3d 1279, 1282 (11th Cir. 2002) ("We have no difficulty in concluding that the use of the higher sentencing range [84-105 months as opposed to 57-71 months] affected appellant's substantial rights."); United States v. Khawaja, 118 F.3d 1454, 1459 (11th Cir. 1997) (vacating defendants' sentences and concluding that the district court's failure to apply proper Guideline provision was plain error because it would have resulted in a lower offense level for each defendant).

We also conclude that the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. It was known to the district court, the prosecutor, and (unfortunately) to defense counsel, that the 1998 manslaughter conviction was not a prior felony. Yet Brown still was sentenced as a career offender. We conclude that this affects the integrity of the judicial proceedings, and we therefore vacate Brown's sentence and remand for proceedings consistent with this opinion.[6]

## III. CONCLUSION

For the foregoing reasons, we affirm Brown's conviction, vacate his sentence, and remand for resentencing.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

---

[6]Brown also challenges his sentence pursuant to Blakely. Because we are vacating Brown's 210-month sentence based on the Guidelines error and remanding to the district court for resentencing, we need not decide the Blakely issues. We simply note here that upon remand, the district court must sentence Brown consistent with the Supreme Court's mandate in United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 746 (2005).