[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15578
Non-Argument Calendar

_____

D. C. Docket No. 98-14003-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER R. BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 5, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Christopher R. Brown appeals his conviction and 110-month sentence for

possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Brown argues that (1) the district court plainly erred when it failed to consider the sentencing disparity resulting from the 100:1 crack-to-cocaine ratio; (2) the district court erred by sentencing him based on a drug quantity that was not alleged in the indictment or found by the jury; and (3) his conviction should be vacated because it may have been based on a non-existent crime, namely that he aided and abetted himself.

After review, we conclude that none of Brown's arguments has any merit. First, Brown's argument concerning the 100:1 crack-to-cocaine ratio already has been rejected by this Court. In United States v. Williams, this Court held that the district court could not permissibly depart from the correctly calculated Guidelines range based on its disagreement with the relative sentencing disparities resulting from the 100-to-1 ratio. 456 F.3d 1353, 1364-69 (11th Cir. 2006). Because the sentencing disparity, by itself, is not a proper basis for such a departure, the district court did not plainly err by failing to explicitly consider the disparity when determining what sentence to impose.

Second, so long as a district court applies the Guidelines as advisory, which the district court did in this case, a district court is not precluded from making additional factual findings, under a preponderance-of-the-evidence standard, that

go beyond the facts found by the jury.  See United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005).  Brown concedes as much in his reply brief when he notes that he is raising this issue in order to preserve it for possible future review.

Finally, Brown's challenge to his conviction is precluded by the law-of-the-case doctrine.  See Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991) (stating that "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal" (quotation marks omitted)).  The instant appeal is Brown's third direct appeal in this case.  In Brown's second direct appeal before this Court, Brown raised the same challenge to his conviction that he now makes, but we concluded that Brown had waived the issue by not raising it in his first appeal.  See United States v. Brown, 134 Fed.Appx. 279, 283 n.4 (11th Cir. 2005).  Accordingly, we decline to address Brown's challenge to his conviction in this appeal.[1]

Based on the foregoing, we affirm Brown's conviction and sentence.

**AFFIRMED.**

---

[1]We also reject Brown's unfounded attempt to avoid the law-of-the-case doctrine based on the "actual innocence" exception from Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851 (1995), which provides a possibility for review of procedurally defaulted claims in a habeas context. Moreover, we conclude that none of the exceptions to the law-of-the-case doctrine is applicable in this case. See United States v. Escobar-Urrego, 110 F.3d 1556, 1561 (11th Cir. 1997) (discussing exceptions to the law-of-the-case doctrine).