# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2933

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Rickey Bates, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 13, 2010
Filed: July 26, 2010

_____

Before LOKEN, HANSEN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

This is Rickey Bates's second appeal to our court. In December 2007, a jury convicted Bates of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Bates had been arrested with .38 grams of cocaine base on his person, and the district court applied an enhancement pursuant to United States Sentencing Guideline § 2K2.1(b)(6) for possession of the firearm "in connection with another felony offense." The court imposed a 110-month sentence and Bates appealed. We reversed and remanded as to the application of § 2K2.1(b)(6). United States v. Bates,

561 F.3d 754, 759 (8th Cir. 2009) ("Bates I").  On remand, the district court[1] reimposed the 110-month sentence, again finding § 2K2.1(b)(6) applicable.  Bates appeals after resentencing.[2]  We affirm.

## I. Background

At approximately 12:30 a.m. on December 8, 2006, law enforcement officers observed a stolen vehicle with two passengers driving on a street in St. Louis.  Police later identified Bates as the passenger in the vehicle.  The officers surveilled the vehicle while waiting for backup.  After the vehicle stopped at a house, two officers activated their emergency lights and drove up behind it.  The vehicle drove off and subsequently ran over a set of spike strips placed in the vicinity.  The driver lost control several blocks later and both occupants jumped out of the vehicle.  After a foot pursuit, an officer subdued Bates and discovered a loaded pistol in his waistband.  A subsequent search uncovered .38 grams of cocaine base, i.e. crack cocaine, in a plastic baggie in Bates's coat pocket.  A jury convicted Bates of being a felon in possession of a firearm.

---

[1]The Honorable Catherine D. Perry, Chief Judge for the United States District Court for the Eastern District of Missouri.

[2]In addition to the sentencing appeal submitted through counsel, Bates has filed a pro se supplemental brief challenging his felon-in-possession conviction. Specifically, Bates argues that one of the jurors allegedly "evaded questioning" during voir dire, denying Bates the opportunity to determine if the juror harbored any biases against him. Bates did not raise this issue or otherwise challenge his conviction in his first appeal. We will not entertain his arguments now on his second appeal following our limited remand for resentencing. See United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (issue that could have been raised in first appeal but was not was waived); United States v. Long, 88 F. App'x 150, 152 (8th Cir. 2004) (unpublished per curiam) (holding defendant could not challenge conviction after remand for resentencing).

Bates's presentence report ("PSR") recommended the four-level enhancement pursuant to § 2K2.1(b)(6). The district court overruled Bate's objection and applied the enhancement, seemingly accepting the government's argument that the firearm and drugs were connected because both were found on Bates's person. Bates maintained in his first appeal that the district court erred in applying § 2K2.1(b)(6) because it had not found an adequate connection between the gun and the drugs under recent circuit precedent. He argued that under the new approach, finding guns and drugs in the same location triggered the adjustment only when the underlying felony is drug trafficking, and pointed out that there had been no allegations that he was involved in drug dealing. Instead, if the defendant was caught possessing only a "user" quantity of drugs, as he was, he asserted the court must make an affirmative finding that the gun facilitated the offense. The government countered that the district court made a sufficient implicit finding that the weapon facilitated Bates's drug possession, or alternatively, that any error was harmless. Considering these arguments, we noted in Bates I that the parties agreed Bates possessed a user quantity of drugs and that the district court had failed to affirmatively find the gun facilitated what we described to be the "drug-possession offense." 561 F.3d at 758–59. We reversed, citing United States v. Blankenship, 552 F.3d 703 (8th Cir. 2009), and remanded for "further proceedings to allow the district court to make appropriate findings regarding § 2K2.1(b)(6)'s applicability." Id. at 759.

Appearing pro se with standby counsel, Bates testified and called as witnesses the two arresting officers at his resentencing hearing. He sought to relitigate the events surrounding his arrest. As most relevant here, he denied possessing the gun, claimed he was not aware of any drugs being seized, and argued there was no evidence he sold or attempted to sell drugs or otherwise used the gun to facilitate possession of the drugs. On cross examination, he stated that he had gotten out at the house to talk to a friend and denied engaging in a drug deal. He further denied ever using crack cocaine. Bates acknowledged, however, a prior conviction for selling .29 grams of crack cocaine and another conviction for possession of crack cocaine. Detective Drew

Werninger testified that the house where the car had stopped was a "known drug house" and confirmed on cross examination that the block served as a kind of open air street market for drugs. Bates objected to this testimony, arguing that it had not been evidence at trial. Werninger also testified that the vehicle was idling at the curb in a manner that would have raised suspicion that its occupants were engaged in drug sales. Although Werninger did not see Bates engage in a drug transaction, he believed Bates "most likely [got out of the car] to conduct a hand-to-hand transaction of narcotics sales." Detective Marquis Wren confirmed that the block "is a heavy drug neighborhood" with considerable foot traffic and testified that he also observed Bates reenter the vehicle before the pursuit ensued. Bates argued that the detectives lacked credibility because of inconsistencies in their paperwork as to where the foot pursuit and arrest took place.

Based on the hearing testimony, the government argued that § 2K2.1(b)(6) was applicable because Bates's possessed the weapon while engaging in a drug-trafficking crime, namely possession of crack cocaine with the intent to distribute, giving rise to a presumption of a connection between the two crimes. Alternatively, the government argued that the gun facilitated simple possession of the drugs. The district court again found the § 2K2.1(b)(6) enhancement warranted. The court noted some of the government's arguments concerning the evidence presented at trial showed the gun facilitated a simple possession offense, but went on to state in part that

> [i]t might be that those would be sufficient if I had to decide this case on that basis. I think I would find that they were sufficient. However, I don't have to decide this case on that basis because the defendant's own testimony has established that this was not mere possession of the drugs. The testimony and all the evidence that I've heard today and the evidence at trial convinces me beyond a reasonable doubt that the defendant possessed this crack cocaine with the intent to distribute it, and therefore it was a drug trafficking offense, and so the four-level enhancement applies if [the gun and drugs] were simply in near proximity[.]

After considering the 18 U.S.C. § 3553(a) factors, the district court reimposed the 110-month sentence. Bates argues in the instant appeal that the law of the case prohibited the district court from finding that he was engaged in drug trafficking and that, in any case, there was insufficient evidence of drug trafficking.

## II. Discussion

The district court's determination that a defendant possessed a firearm in connection with another felony for purposes of § 2K2.1(b)(6) is a factual finding that we review for clear error. United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008).

As we recently explained regarding the applicability of § 2K2.1(b)(6),

> If the felony is for drug trafficking, Application Note 14(B) mandates application of the adjustment if guns and drugs are in the same location. If the underlying drug offense is for simple possession, the district court may still apply the adjustment, but only after making a finding that the firearm facilitated the drug offense. In other words, when the defendant subject to a 2K2.1(b)(6) adjustment possesses a "user" amount of drugs and is not a trafficker, instead of automatically applying the adjustment when both drugs and weapons are involved in the offense, the district court must affirmatively make a finding that the weapon or weapons facilitated the drug offense before applying the adjustment.

United States v. Butler, 594 F.3d 955, 966 (8th Cir. 2010) (internal quotations and citations omitted). "Absent a plea, a conviction or an allegation with sufficient supporting evidence of drug trafficking, [the defendant's] applicable underlying drug offense is possession." United States v. Mansfield, 560 F.3d 885, 888 (8th Cir. 2009).

Bates argues that under the law-of-the-case doctrine, "the District Court's finding that Bates had intended to distribute the drugs was foreclosed by this Court's finding that Bates's other felony offense involved possessing only a user quantity of drugs." "On remand for resentencing, all issues decided by the appellate court become

the law of the case, and the sentencing court is bound to proceed within the scope of any limitations imposed . . . by the appellate court." United States v. Curtis, 336 F.3d at 666, 669 (8th Cir. 2003) (internal quotation and citation omitted). The law-of-the-case doctrine prevents "the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d 616, 620 (8th Cir. 2007) (internal quotation and citation omitted). It applies, however, "only to issues actually decided, either implicitly or explicitly, in the prior stages of a case." Roth v. Sawyer-Cleator Lumber Co., 61 F.3d 599, 602 (8th Cir. 1995).

Bates's argument fails because we made no "finding" on the amount of drugs or the type of drug activity in which he was engaged. Our prior opinion simply noted the parties's agreement as to the facts. We were not asked to nor did we consider whether the evidence showed Bates possessed the user quantity with the intent to distribute it. In fact, whether Bates engaged in drug trafficking became an issue in the case for the first time during the proceedings on remand. Therefore, our description of the case as involving a "user quantity" and "drug possession" did not create the law of the case where the parties presented no controversy as to those questions for our court to consider and decide. See United States v. Montoya, 979 F.2d 136, 138 (8th Cir. 1992) (a statement in prior panel opinion was not the law of the case where the court was considering and deciding a different issue). Furthermore, Bates does not now argue that the government waived an argument based on trafficking for failing to present it earlier.

Additionally, our mandate did not foreclose further consideration of the nature of Bates's drug activity. On remand, we may provide instructions limiting the scope of the district court's discretion or we may remand without limitations. United States v. Kendall, 475 F.3d 961, 964 (8th Cir. 2007). We may, for example, remand with instructions to resentence based on the existing record. United States v. Dunlap, 452

F.3d 747, 749 (8th Cir. 2006).  Here, we restricted the court's consideration to deciding the applicability of § 2K2.1(b)(6).  We did not, however, remand with instructions to resentence based on the trial evidence.  Rather, we expressly directed the court to conduct the proceedings necessary to make the appropriate findings.  The district court could therefore receive and consider any evidence relevant to § 2K2.1(b)(6) that it could have heard initially without violating our mandate.  See Kendall, 475 F.3d at 964.  Bates urged the district court to reopen the record and conduct an evidentiary hearing, and the district court did not abuse its discretion in doing so.  See United States v. Castellanos, No. 09-1456, 2010 WL 2606332, at *4 (8th Cir. July 1, 2010) (standard of review for court's decision to hold evidentiary hearing).

Alternatively, Bates asserts that there was insufficient evidence of trafficking. We disagree.  He emphasizes the small quantity of drugs and the lack of evidence that he was involved in large-scale and/or well-established distribution activities, such as significant amounts of cash, sales records, distribution paraphernalia, or the existence of a drug conspiracy or scheme.  We have frequently considered such evidence significant when considering whether a conviction for possession with intent to distribute is supported by sufficient evidence. See, e.g., United States v. Thomas, 593 F.3d 752, 760 (8th Cir. 2010); United States v. Blakey, 449 F.3d 866, 869–70 (8th Cir. 2006). The government, however, has to prove the facts supporting the sentencing enhancement only by a preponderance of the evidence.  United States v. Betts, 509 F.3d 441, 445 (8th Cir. 2007). The district court could and did admit Bates's past conviction for distributing a user quantity as evidence of motive, intent, or knowledge of what he planned to do with the drugs. See United States v. Drapeau, 414 F.3d 869, 875 (8th Cir. 2005).  As Bates's criminal history makes clear, his possession of merely a user quantity does not foreclose the possibility that he intended to distribute it. Additionally, as the district court observed, Bates's denial that he ever used crack cocaine, coupled with evidence introduced at trial that he possessed it, gave rise to an inference that he intended to distribute it.  See Thomas v. United States, 501 F.2d

1169, 1173 (8th Cir. 1974). The court was entitled to believe that he was not a user of crack cocaine, while disbelieving other portions of his testimony. See United States v. Candie, 974 F.2d 61, 65 (8th Cir. 1992) ("Like any other factfinder who assesses witness credibility, the sentencing judge is free to believe all, some, or none of a witness's testimony."). Finally, the officers' testimony established Bates's presence at a house and on a street known for drug trafficking, and Werninger testified that the behavior of the car's driver and Bates was consistent with drug trafficking.

We find no error in the court's determination that Bates engaged in drug trafficking. The court properly applied § 2K2.1(b)(6) pursuant to Application Note 14(B). For the foregoing reasons, we affirm the judgment of the district court.

_____