# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2073

_____

United States of America,

        Appellee,

    v.

John Arthur Stackhouse,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Eastern
\* District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: December 27, 2011
Filed: January 9, 2012

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

John Stackhouse appeals the sentence the district court[1] imposed upon resentencing, after he was found guilty by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Upon careful review, we conclude that the district court did not commit any procedural error in resentencing Stackhouse, and that his sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

committed no significant procedural error, and then considers substantive reasonableness of sentence under abuse-of-discretion standard).

First--contrary to Stackhouse's arguments on appeal--the court's Guidelines calculations were correct, the court did not impose a sentencing enhancement under 18 U.S.C. § 924(e), the court did not treat the Guidelines as mandatory, and the court was not obligated to order a new presentence report (PSR). See United States v. Quintieri, 306 F.3d 1217, 1234 (2d Cir. 2002) (Fed. R. Crim. P. 32 does not require updated PSR for resentencing if, e.g., parties are given full opportunity to be heard and to supplement PSR as needed); United States v. Crank, 21 Fed. Appx. 521, 522-23 (8th Cir. 2001) (per curiam) (where basis for remand was limited, rejecting argument that district court should have required new PSR before resentencing); see also United States v. Bates, 584 F.3d 1105, 1108 (8th Cir. 2009) (district court's interpretation and application of Guidelines are reviewed de novo, and its factual findings are reviewed for clear error).

Furthermore, the district court did not abuse its discretion in imposing the within-Guidelines-range sentence of 120 months in prison. See 18 U.S.C. § 924(a)(2) (maximum term of imprisonment for violation of § 922(g) is 10 years); U.S.S.G. § 5G1.1(a) (where statutorily authorized maximum sentence is less than minimum of applicable Guideline range, statutorily authorized maximum sentence shall be Guideline sentence); see also Gall, 552 U.S. at 51 (if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (describing circumstances where court abuses its discretion, resulting in substantively unreasonable sentence).

Accordingly, we affirm the judgment of the district court.

_____