# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2705

_____

United States of America

*Plaintiff - Appellee*

v.

Tyjuan Cooper

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: March 6, 2017
Filed: March 16, 2017
[Unpublished]

_____

Before RILEY, Chief Judge,[1] GRUENDER and KELLY, Circuit Judges.

_____

PER CURIAM.

---

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

Tyjuan Cooper appeals the district court's[2] application of a four-level sentencing enhancement for possessing a firearm in connection with another felony offense. Asserting clear error, he asks us to vacate his sentence and remand for resentencing. We affirm for the reasons discussed below.

In April 2015, the Springdale Police Department ("SPD") opened an investigation in response to multiple complaints of drug-related activity at an apartment later determined to be leased to both Cooper and Tasondra Lee. After obtaining a warrant, police conducted a search of the premises and found large quantities of marijuana, two digital scales, and a commercial heat sealer. Additionally, in Cooper's bedroom, officers discovered a red backpack containing 738 grams of marijuana in variously sized plastic bags—ranging from more than a pound to as little as twelve grams—and a Glock 9mm handgun, which had been reported stolen from an SPD officer's vehicle. Cooper, Lee, and three other individuals were sleeping at the apartment at the time of the search, and all five were taken into custody. Cooper was subsequently indicted for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Prior to trial, the district court ordered a mental competency evaluation at Cooper's request. Based on the resulting psychological report and expert testimony, the court found him fit to stand trial. Cooper then entered into a plea agreement, acknowledging his status as a convicted felon and the fact that he was in constructive possession of the 9mm pistol. The court accepted Cooper's change of plea after conducting the required hearing and proceeded to sentencing. Pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a)(2), the Presentence Investigation Report ("PSR") set the base level offense at 24, and from there, it recommended several adjustments: (1) a two-level enhancement for possessing a

_____

[2]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

stolen firearm, (2) a four-level enhancement for possessing a firearm in connection with another felony offense, and (3) a combined three-level reduction for acceptance of responsibility. Consequently, Cooper's total offense level was 27, and with a criminal history category of IV, his advisory sentencing guideline range was 100 to 125 months' imprisonment, capped at the statutory maximum of 120 months.

Cooper raised three objections to the PSR tied to his purported neurocognitive disorder. As a basis for these claims, he offered the testimony of clinical psychologist Dr. Emily Fallis. First, Cooper denied involvement in the possession, distribution, or trafficking of marijuana. Despite his constructive possession of large quantities of marijuana packaged for distribution, defense counsel suggested that Cooper could not have known about the drugs in the backpack because Dr. Fallis had determined that he was incapable of telling a "complex lie"; that is, a statement "mix[ing] partly-true statements with partly-false statements . . . with a goal of deceiving someone." Given that Cooper admitted to knowing about the gun, the argument goes, he could not simultaneously deny knowledge of the drugs unless he really was unaware of their presence. The court unsurprisingly rejected this theory, in part, because it assigned less credibility to Dr. Fallis than to Dr. Randall Rattan, who conducted Cooper's competency evaluation. The court also overruled Cooper's second objection that he was entitled to a departure for diminished capacity under U.S.S.G. § 5K2.13. However, seeing the need to account for Cooper's intellectual deficiency, the court granted him a variance and sentenced him to 84 months' imprisonment. Cooper timely appealed, challenging only the district court's application of the four-level enhancement for possessing a firearm in connection with another felony.

U.S.S.G.§ 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant . . . [u]sed or possessed any firearm or ammunition in connection with another felony offense." In 2006, the Sentencing Commission decided to make a distinction between cases in which the other felony offense was drug trafficking rather than a simple drug-possession offense. *See United States v. Mansfield*, 560

F.3d 885, 887-88 (8th Cir. 2009). This distinction was codified in Application Note 14(B), which provides for an enhancement "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1, cmt. n.14(B). Thus, unlike simple possession, "an underlying drug trafficking offense requires an automatic four-level enhancement." *Mansfield*, 560 F.3d at 888. As both parties recognize, "[t]he district court's determination that a defendant possessed a firearm in connection with another felony for purposes of § 2K2.1(b)(6) is a factual finding that we review for clear error." *United States v. Bates*, 614 F.3d 490, 493 (8th Cir. 2010) (citation omitted).

On appeal, Cooper contends that the challenged enhancement "was improperly applied because, while the evidence may have been sufficient to show that someone was involved in drug trafficking, it was insufficient to show that Mr. Cooper was involved in such activity." Cooper renews his complex-lie theory as the primary basis for finding clear error. However, this argument ignores the district court's cogent and persuasive explanation for crediting the opinion of Dr. Rattan over that of Dr. Fallis. There is simply no basis for overriding this credibility determination. *See Bates*, 614 F.3d at 495 ("Like any other factfinder who assesses witness credibility, the sentencing judge is free to believe all, some, or none of a witness's testimony." (citation omitted)); *see also United States v. Sanders*, 341 F.3d 809, 821 (8th Cir. 2003) ("The law is well-settled that a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." (citation omitted)). Further, as the Government notes, the record itself undermines Dr. Fallis's assessment, given that Cooper seems to have told at least one complex lie to the SPD related to a drugs-for-guns exchange with two Hispanic males. On a final note, to the extent that Cooper suggests that the record was insufficient for the district court to conclude by a preponderance of the evidence that he was involved in drug trafficking, we disagree. The quantity and packaging of the marijuana found in the backpack along with the gun alone likely are sufficient to justify this conclusion. *See United States v. Butler*, 594 F.3d 955, 960, 966 (8th Cir. 2010). But the months-long reports

of drug activity, the quantity of cash found on both Cooper and Lee, and the digital scales and heat sealer, taken together, foreclose Cooper's claim the district court clearly erred in concluding that he was involved in drug trafficking.

Accordingly, we affirm the application of the four-level enhancement.

_____