# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1967

_____

United States of America

*Plaintiff - Appellee*

v.

J'son Allbritton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 9, 2018
Filed: September 14, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

A Kansas City Police Officer called out to J'son Allbritton, who was walking on a residential street known for narcotics and firearm activity, intending to make a pedestrian stop for an outstanding "pick-up" order. Allbritton put his right hand inside his sweatshirt pocket and ran onto a residential porch. Two officers gave chase and cornered Allbritton on the porch. Allbritton began to pull an object from his

sweatshirt's front pocket but stopped when an officer drew his firearm. The officers handcuffed and frisked Allbritton, discovering a loaded .45 caliber handgun in his sweatshirt pocket, and two jars and a plastic bag containing 124 grams of marijuana, a digital scale, and scissors in a large purse Allbritton was carrying. Allbritton pleaded guilty to being a felon in possession of a firearm and possession of marijuana in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and 21 U.S.C. § 844(a).

At sentencing, the district court[1] determined an advisory guidelines range of 70 to 87 months' imprisonment, overruling Allbritton's objection to a four-level enhancement for possessing a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The court varied upward and sentenced Allbritton to 108 months' imprisonment and three years' supervised release. He appeals the sentence, arguing the district court committed procedural error in applying the four-level enhancement. Reviewing the firearm possession finding for clear error, we affirm. See United States v. Bates, 614 F.3d 490, 493 (8th Cir. 2010) (standard of review).

The enhancement applies "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(6)(B). "Another felony offense" is "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." § 2K2.1, comment. (n.14(C)). At sentencing, Allbritton argued that he pleaded guilty to possession of marijuana, a federal misdemeanor. However, the plea agreement recited that the marijuana found in his purse had a field-tested weight of 124 grams, and Allbritton conceded that possession of more than 35 grams of marijuana is a felony under Missouri law. See Mo. Rev. Stat. § 195.202, transferred to Mo. Rev. Stat. § 579.015. The district court did not err in finding that

---

[1]The Honorable Greg Kays, Chief Judge of the United States District Court for the Western District of Missouri.

Allbritton's possession of 124 grams of marijuana and a digital scale is "considered a felony in Missouri."

The § 2K2.1 commentary provides that the § 2K2.1(b)(6)(B) enhancement "is warranted" if the other felony is a drug trafficking offense, and "a firearm is found in close proximity to drugs." App. Note 14(B). However, "[w]hen the other felony offense is merely a drug possession offense, note 14(A) applies and the district court may make the requisite 'in connection with' finding, but is not required to do so." United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008). On appeal, Allbritton argues that, because he was convicted of a drug possession rather than a "drug trafficking" offense, the enhancement could not be based simply on proximity of marijuana and the handgun. It was error to impose the enhancement, he argues, because the evidence did not establish, and the district court did not find, that the firearm "had the potential of facilitating" another felony offense, as note 14(A)) requires. This contention conflicts with controlling precedent. In Fuentes Torres, we held that, if note 14(A) applies, and if the "in connection with" finding is made, "it will rarely be clearly erroneous." Id.; accord United States v. Regans, 125 F.3d 685, 687 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998). Moreover, "we have never reversed a § 2K2.1(b)(6)(B) enhancement merely because a specific 'facilitate' finding was not made." United States v. Sneed, 742 F.3d 341, 344 (8th Cir. 2014).

Acknowledging these precedents, Allbritton argues "the record does not support a finding that the firearm facilitated Mr. Allbritton's possession of the marijuana" because there were no drug proceeds or evidence of drug transactions that required the protection of a firearm. We are not persuaded. In the first place, despite evidence Allbritton was a heavy marijuana user, his extensive criminal history, and his possession of 124 grams of marijuana with a digital scale and a loaded firearm in an area known for narcotics activity, support the district court's finding that he was engaged in drug trafficking. See Bates, 614 F.3d at 495. Thus, note 14(B) applies and the proximity of the firearm and marijuana support the § 2K2.1(b)(6)(B)

enhancement. Moreover, as our discussion in <u>Sneed</u> made clear, a finding of drug trafficking was not necessary to impose the enhancement. "When a firearm is carried during a drug offense, including a possession-for-use offense, the drug felon has the ability to use the weapon in connection with his drug offense. . . . Theft is a close and ever present partner of illegal drugs." <u>Regans</u>, 125 F.3d at 686 (quotation and citation omitted); <u>see</u> <u>Sneed</u>, 742 F.3d at 344-45 (enhancement upheld when defendant possessed unloaded firearm and small quantity of methamphetamine in public). Here, Allbritton carried a loaded firearm in a public place while possessing a significant quantity of marijuana, and he reached for the firearm when confronted by police officers. The district court did not clearly err in finding that his possession of the firearm facilitated and was in connection with a felony drug offense.

The judgment of the district court is affirmed.

_____